Judge Underwood,
delivered the opinion of the court.
Two questions only need be considered. 1st. Is the entry under which the plaintiffs in error claim the land valid?
2nd. Are the defendants protected by twenty years adverse possession, the plaintiffs being minors at the time their title accrued by descent?
These are the words of the entry, “17 May, 1780, Thomas Carland enters four hundred acres upon a treasury warrant,' on the head of the south fork of clear creek, including a cabin built at a spring by Daniel Lyon, adjoining an old survey on the south.”
We cannot regard the call to adjoin “an old survey on the south,” as expletive and without meaning. In the mind of the locator, it was evidently designed to give shape to his.survey, including the cabin and the form ofthe survey would essentially depend upon the position ofthe old survey called for. Whether the spring and cabin would be nearthe centre ofthe fourhundred acres, or near the southern or northern boundarv of the *254 tract, would depend upon the position of the old sui* vey alluded to.. j
Entry, to lie “ou the farko/clear «ret li iriolud-ini; a cabin bu‘!tata Saúfnl l^yon, adjoining an Msurvey on declared invalid for ita napimess.
TJenny, for plaintiffs: Crittenden, ion defendants.
The enfry (]oes not inform-us, whose survey the lo-calor intended to adjoin.
No means are afforded a subsequent locator to find it by an examination of the proper office. Where-according to the principles settled in the case of Horine’s heirs vs. Craig, &c. III Marshall, 591, and the cases therein referred to, we are of opinion that the entry lacks that,specialty and- precision which the law requires. It may be said that a subsequent lo-cat0L by going to the spring and. cabin, and thence running a d.ue northJine, would, in less- than a mile strike the line of an old survey actually marked upon the ground, and thus finding.it, he would, know it to be the old survey called for. The case of Hanson, &c. vs. Lashbrook, III Bibb, 544,is In point to refute such reasoning. Moreover,, when the testimony is' examined, it is satisfactorily shewn that the line relied on as a boundary of the old survey made by Douglass, was in fact the line of no survey at all. It does not appear to have acquired any notoriety as the line of a survey which could have directed subsequent locators in fixing the position of the present entry.
The conclusion that the entry is tague, renders a decision of the 2nd question useless, it may, however, be regarded as settled by the cases of Dickey vs. Armstrong’s devisees, I Mar. 39; McIntire’s heirs vs. Funk’s heirs, V Litt. 33, and South’s heirs vs. Thomas’ heirs, VII Monroe, 59.
The decree is affirmed with costs.