CASE 49. -ACTION BY J. M. WHITSELL AGAINST LOUIS-
　　VILLE & NASHVILLE R. R. CO. FOR DAMAGE TO
　　LAND.—April 24.

# Louisville & Nashville R. R. Co. v. Whitsell.

Appeal from Hopkins Circuit Court.

J. F. Gordon, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Af-
firmed.

1. Nuisance — Making — Maintaining — Action　for　Damages—
　　Recovery in One Action—Election—Where a railroad com-
　　pany, for the protection of its road bed, constructed a deep
　　ditch by the side of its road and thereby diverted the water
　　from a creek on the adjoining premises, to the use and benefit
　　of which creek the owner of such premises was entitled for
　　the purpose of draining his land, such owner had the right,
　　in one action, to recover damages for the wrongful construc-
　　tion of the ditch and also for the negligent manner in which
　　the ditch was maintained by the railroad, and a motion for
　　him to elect which cause of action he would prosecute was
　　improperly sustained.
2. Permanent Injury—Limitation—One Recovery—In an action
　　for damages for an injury to land, where the injury cr nui-
　　sance complained of is permanent, the measure of damages
　　is the depreciation in the market value of the property, and
　　in such case limitation begins to run from the completion
　　of whatever it may be that caused the injury, and the action
　　is barred in five years from that time, and all the damages
　　for past, present and future injury must be recovered in
　　one action.
3. Same—Measure of Damages—In an action for damages for an
　　injury to land by a nuisance, which is temporary in its
　　character, which may be readily removed or abated, the
　　measure of damages is the depreciation in the rental value
　　of the property, if it be rented, or if it is occupied by the
　　　　vol. 125—28.

owner, the damage to its use and occupation; and in such cases successive actions may be brought for damages caused by continuances of the nuisance.

4. Instructions to Jury—Finding Required—In actions for damage to land by a nuisance, it is proper for the trial court to submit to the jury the question whether the nuisance complained of is permanent or temporary, and the jury should be required to say in its verdict whether the damage allowed was for a permanent or temporary injury.

WADDILL & DEMPSEY and BENJAMIN D. WARFIELD, for appellant.

GIBSON, HALL & KINCHELOE, for appellee.

OPINION OF THE COURT BY JOHN D. CARROLL, COMMISSIONER—Affirming

The petition of appellee, who was the plaintiff below, alleged, in substance, that he was the owner of a tract of land adjoining the right of way of appellant. That the east fork of Deer creek, a natural water course with deep and well-defined channel, ran under the track of the railroad, and thence on the east side of the road, bordering on his land, and furnishing a good drain therefor. That appellant constructed a deep ditch or canal along the west side of its road opposite the creek, and by means of this channel or ditch changed the natural course of the creek, so that the water that originally ran in the creek was diverted to the ditch, resulting in the bed of the creek filling up, thereby injuring about 22 acres of his land that was formerly drained by the creek. He further averred that the ditch or canal was maintained in a negligent, improper, and unskillful manner, causing damage to his land, and sought to recover the sum of $1,000 on account of the injury inflicted upon his property by changing the natural course of the creek, and

the negligent and improper manner of constructing and maintaining the ditch. Upon motion of appellant, defendant below, the court required appellee to elect whether he could prosecute his cause of action for the unlawful and wrongful construction of the ditch, or for the negligent manner in which it was maintained. Thereupon the plaintiff elected to proceed for the negligent manner of the maintenance of the ditch. Appellant, in its answer, after traversing the affirmative matter in the petition, pleaded that the construction of the ditch was necessary and a part of the permanent construction of its railroad, and as such was made more than five years before the institution of the action, and relied upon the five years' statute of limitation as a bar to any recovery against it. The evidence conduces to show that Deer creek, previous to the construction of this ditch, was some 30 feet wide, and at places 8 or 10 feet deep, before the ditch was constructed, and that the construction of this ditch diverted the water from the bed of the creek, causing it to fill up; that before the creek was filled up, it furnished a good drain for that part of appellee's land lying next to it. There was also evidence to the effect that a large culvert or drain under appellant's track at the north end of the ditch was permitted to become obstructed by logs, trees, and debris, and that these obstructed the flow of water through this culvert, causing it to overflow a part of his land.

The court instructed the jury that, if they believe from the evidence that appellee was the owner of the land, and that appellant within five years next before the institution of the action negligently or unskillfully maintained a ditch on the west side of its roadbed, and that by reason of such negligent maintenance the bed of the creek where it passed through the appellee's

land had been filled up, and the waters ordinarily passing through the creek had been diverted to the ditch, thereby injuring the drainage to his land, and causing water to stand upon and overflow the same, they should find for the appellee. By instruction No. 3, the jury were told that, if they find for the plaintiff, "they will award him such sum in damages as will reasonably compensate him for any loss he might have sustained by reason of the injury to his land, to be estimated as follows: If the jury believe from the evidence that the injury to his land since June 30, 1899, is a permanent injury, they will estimate the damages by the depreciation, if any, in the reasonable market value of the land since that date directly caused by the injury. If, however, they believe from the evidence that the injury to the land since the said date is not a permanent injury, they will estimate the damages by the depreciation, if any, in the reasonable rental value of the land for the time since said date." Other instructions not necessary to notice were given, among them being one charging the jury that they only could find for appellee damages caused by the negligence or unskillfulness of appellant in maintaining the ditch, thereby denying to appellee the right to recover for any injury done to his land by the diversion of the waters of the creek to the ditch.

After the jury had retired to consider their verdict, appellant moved the court to direct the jury to say in their verdict, if they found for plaintiff, whether the damages allowed was for permanent injury to the land or based on its rental value. This request was refused. In view of the fact that the jury had been instructed that the measure of damages was different, if the injury was permanent, from what it would be if temporary, the court should have instructed the jury

to say in their verdict whether they allowed damages
for permanent or temporary injury; and this for the
reason that if they awarded appellee damages for per-
manent injury to his land, he could not maintain an-
other action against appellee for the injury that caused
the permanent damages.   His recovery in this action
would embrace all the damage he is entitled to for
present and future, as well as past, injuries.   If, how-
ever, the jury should have concluded that the injury
was temporary, and not permanent, appellee would not
be estopped by their finding from subsequently prose-
cuting an action to recover damages for recurring in-
jury to his property; the rule being that, where the
injury or nuisance complained of is permanent, the
measure of damage is the depreciation in the market
value of the property, and in this class of cases limita-
tion begins to run from the completion of the improve-
ment or constructure, whatever it may be, that caused
the injury, and the action is barred in five years from
that time, and all the damages for past, present, and
future injury must be recovered in one action.   If
they find the nuisance is temporary in its character,
and such a thing as that it may be readily remedied,
removed, or abated, the measure of damage is the
depreciation in the rental value of the property, if it
be rented out, or if it is occupied by the owner, the
damage to its use and occupation; and in this class of
cases successive actions may be brought for damages
caused by continuances of the nuisance.   Hay v. City
of Lexington, 24 Ky. Law Rep. 1495, 71 S. W. 867, 114
Ky. 665; City of Paducah v. Allen, 63 S. W. 981, 111
Ky. 361, 23 Ky. Law Rep. 701, 98 Am. St. Rep. 422;
City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky.
Law Rep. 253.   In the absence of an instruction such
as that requested by appellee, it would be impossible

to determine from the verdict whether the jury estimated the damages upon a permanent or temporary basis, and there would be nothing to prevent appellee from thereafter prosecuting an action to recover for recurring injuries. It is proper to submit to the jury the question as to whether the nuisance complained of is permanent or temporary, and, when this is done, the jury should be required to say in their verdict whether the damage allowed was for a permanent or temporary injury. In the case before us, this error will not be permitted to prejudice appellant, as we hold, after considering the evidence, that the jury intended to and did compensate appellee for a permanent injury to his property.

We may further add that the court erred, to the prejudice of appellee, in requiring him to elect whether he would prosecute his action for the wrongful construction of the ditch, or for the negligent manner of its construction and maintenance. If the construction of the ditch diverted from plaintiff's premises a running stream of water to the use and benefit of which he was entitled, it was an actionable wrong, for which the perpetrator might be required to respond in damages. In one action appellee had the right to prosecute his claim for the wrongful construction of the ditch, involving as it did the diversion of the creek, and also for the negligent manner in which the ditch was maintained after its construction. In Shearman & Redfield on Negligence, section 733, it is said "to be a general principle that any person who without authority diverts the whole or any part of the water of a stream from its natural course, or interferes with its natural current, is responsible absolutely irrespective of negligence or special damages to any one who is entitled to have the

water flow in its natural state.'' Farnham on Waters, vol. 2, sections 460, 490; Wadsworth v. Tillotson, 30 Am. Dec. 392, 15 Conn. 366; Martin v. Bigelow, 16 Am. Dec. 696, 2 Aikens (Vt.) 184; Anderson v. Cincinnati Southern Ry., 86 Ky. 44, 9 Ky. Law Rep. 303, 5 S. W. 49, 9 Am. St. Rep. 263.

The ownership of the property was put in issue by the denial that appellee was the owner of it. The evidence is sufficient to establish his ownership to authorize the jury to award damages for injuries to the property.

The instructions are criticised; but in our opinion, with the exception of the one allowing the jury to find damages for either permanent or temporary injuries, that has heretofore been commented upon, they were as favorable to appellant as the law authorized.

Some incompetent evidence of a minor character was introduced, but it did not affect the substantial rights of the appellant.

The verdict, which was for $500, is assailed as excessive. There would be considerable force in this complaint if appellee could hereafter proceed for recurring injuries to his land; but as this sum represents the only recovery he is entitled to, it cannot be said to be excessive. That there was sufficient evidence to warrant the jury in concluding not only that appellant constructed the ditch, thereby diverting to it the waters of the creek, and also permitted the culvert or drain under the railroad to become obstructed, thereby interfering with the flow of the water. an examination of the record leaves no room to doubt.

Upon the whole case, we perceive no error for disturbing the judgment, and it is affirmed.