# Chesapeake & Ohio Railway Co. v. Stein.

(Decided March 2, 1911.)

## Appeal from Lewis Circuit Court.

1. Nuisance—Measure of Damages.—Where the improvement that produces the injury or nuisance complained of is permanent, the measure of damage is the depreciation in the market value of the property; but if the improvement is temporary in its character and such a one as that it may be readily remedied, removed or abated, the measure of damage is the depreciation in the rental value of the property, if it be rented out, or, if it is occupied by the owner, the damage to its use and occupation.

2. Limitation—Successive Actions.—In actions to recover damages, for a permanent improvement that is a nuisance, the action is barred in five years from the time the improvement is made, and all damages for past, present or future injury must be recovered in one action. But, where the thing that creates the nuisance is temporary in its character,, successive actions may be brought for the injury caused by it.

3. Recovery for Temporary Nuisance to Time of Trial—Practice.— When an action is brought to recover damages for a temporary nuisance, and it is in existence when a trial is had, the plaintiff should file an amended petition setting out the continuance of the nuisance and may recover damages up to the date of the trial. But if he fails to file an amendment, and the instructions do not confine the jury to any particular time, their verdict will be treated as a finding of damages up to the date of the verdict.

4. Witnesses—Re-examination Of—Practice.—If during the trial the judge rules that a certain line of examination is proper and the witnesses are examined in accordance with his ruling, and he afterwards discovers that his ruling was erroneous, the witnesses may be re-introduced and examined along the lines held by the judge to be proper.

WORTHINGTON, COCHRAN & BROWNING for appellant.

DINKLE & PRITCHARD, W. C. HALBERT and SAMUEL PUGH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 132 Ky., 322. The facts are so fully stated in that opinion that it seems unnecessary to repeat them here. Upon a return of the case, a re-trial was had and a verdict returned in favor of the appellee for $2,135. From the judgment upon the verdict this appeal is prosecuted.

Appellee's cause of action for damages on account of the depreciation in the value of his property was based upon the fact that the appellant had raised its railroad tracks in the street in front of his property, and placed a number of switches and signal blocks in the street, and failed to plank and pave it as provided for in an ordinance set out in the former opinion. There was conflict in the testimony concerning the elevation of the grade of the tracks, but it is virtually admitted that the additional obstructions, such as switches and signal blocks were from time to time placed in the street, and that there had not been a compliance with the ordinance requiring the street to be planked and paved. The elevation of the tracks and the construction of the switches and signal blocks were permanent improvements or structures, but the failure to plank and pave the street was a temporary omission of duty. In other words, the tracks, switches and signal blocks were placed in the condition complained of by the appellee with the intention upon the part of the railway company that they should remain in that condition; while the planking and paving of the street could be done at any time. The rule established in this State as to the measure of damages that an adjacent or abutting property owner is entitled to in cases like this differs when the improvement or structure is permanent and when it is temporary. It was thus stated in Fidelity Trust Company v. Shelbyville Water & Light Company, 110 S. W., 239:

"Where the improvement that produces the injury or nuisance complained of is permanent, the measure of damages is the depreciation in the market value of the property. In this class of cases limitation begins to run from the completion of the improvement or structure, whatever it may be, that causes the injury, and the action is barred in five years from that time, and all damages for past, present or future injury must be recovered in one action. If, however, the improvement is temporary in its character, and such a one as that it may be readily remedied, removed or abated, the measure of damage is the depreciation in the rental value of the property, if it be rented out, or, if it is occupied by the owner, the damage to its use and occupation; and in this class of cases successive actions may be brought for damages caused by a continuance of the injury or nuisance."

According to this rule the measure of damage the appellee was entitled to recover on account of the elevation of the tracks, the construction of the switches and the erection of the signal blocks, was the depreciation in the market value of his property caused by these structures or improvements. While the measure of his damage for the failure of the appellant· to do the planking and paving required by the ordinance was the depreciation in the rental value of his property, if it was rented out, or the damage to its use and occupation, if it was occupied by him.

But, it appears that upon the trial the judge ruled that the three classes of wrong-doing by the appellant company were permanent injuries to the property of the appellee, and accordingly the witnesses were asked to state the damage done to the market value of the property by the doing and the failure to do these things— the court not making any distinction between the elevation of the grade, the construction of the switches, the erection of the signal blocks, and the failure to plank and pave the street. But, at the conclusion of the evidence, when the attention of the court was called to the Shelbyville Water & Light Company case, and others laying down a similar doctrine, he correctly concluded that the measure of damages he had previously ruled plaintiff was entitled to and that the witnesses had been inquired about was erroneous; and thereupon counsel for appellee who had been misled by the ruling of the judge moved the court at the conclusion of the testimony and before the case was submitted to the jury to allow him to introduce evidence as to the damage to the use and rental value of the property for the period covered by the pleadings and to prove the acts of the defendant complained of, in failing to plank and pave the street.

To this motion the appellant objected, but the court overruled the objection; and after instructing the jury not to consider the testimony of the witnesses or any of them who testified to the damage or quantity of damage sustained by the appellee from the elevation of the tracks, and the construction of the switches and signal blocks, or the failure of the defendant to plank or pave the street, permitted the appellee over the objection of the appellant to re-introduce and re-examine the witnesses who had previously testified upon these points. And upon this re-examination these witnesses were

asked to state the decreased rental value of the property owned by the appellee that was rented out and the injury to the use and occupation of that occupied by him, caused by the fact that the street was not planked or paved; as well as to state the depreciation in the market value of his property by reason of the elevation of the tracks, and the construction of the switches and signal blocks. In short, on the re-examination of the witnesses they were asked such questions as were competent to illustrate the damage appellee had sustained by the acts and omissions of the appellant. We are unable to see how this course of conduct prejudiced the rights of the appellant. The court had fallen into an error in permitting witnesses to be examined along a certain line, and when his attention was called to the mistake, he promptly corrected it, and instructed the jury, not only at the time, but in the instruction given to them when the evidence was all in, not to regard at all the testimony that had been excluded. The testimony excluded, and the testimony the witnesses afterwards gave, only differed in the particular that the excluded evidence was confined entirely to the depreciation in the market value of the property, while in the re-examination the witnesses were asked to state the depreciation in the market value of the property by the improvements made and the depreciation in the rental value and use by the failure to make others.

It frequently happens in the trial of cases that questions are asked, and a line of examination pursued, with the approval of the court and afterwards during the trial the evidence is excluded, and other questions and other lines of examination are permitted in place of that excluded, but unless it affirmatively appears that the substantial rights of the complaining party have been prejudiced by the rulings, we would not interfere upon this ground with the finding of the jury. The conduct of the trial within reasonable limits, especially in the admission and exclusion of evidence, is and should be left to the sound discretion of the trial judge, and unless it satisfactorily appears that this discretion has been abused, this court will not interfere with the rulings of the trial court.

It is next objected that the court in the instruction fixing the measure of damage that appellee was entitled to on account of the depreciation in the market value of

his property erred in naming May, 1899, as the date when it became generally known that the permanent improvements complained of would be made, and thereby authorized the jury to find that the injury to appellee was the difference in the value of the property at that time and after the improvements were made. It is said it should have been left to the jury to fix the date. But, there is little merit in this contention. The court was doubtless induced to fix May, 1899, as that was five years before the suit was filed, and as far back as a recovery could be had, and because the evidence showed that the improvements were begun shortly after May, 1899. But, aside from this, the fact that the court fixed this date did not in the least prejudice the rights of the appellant; as it does not appear that there was any difference in the market value of appellee's property between May, 1899, and the time when the improvements were commenced. It was the fact that the improvements were put in the street that depreciated the value of his property, and it was the difference between the value of his property before these improvements were made, or to be more accurate immediately before it was known they would be made, and after they were made, that constituted the measure of his damage.

It is further said that so much of instruction No. 3 as relates to the measure of appellee's damages on account of the failure to plank and pave Third street was erroneous. The form of the instruction is unobjectionable. But, it is said that as appellee only sought to recover for the permanent injury done to his property, there should have been no recovery for damages of a temporary nature such as the failure to plank and pave the street. In the former opinion the court said that abutting owners had a cause of action against the company for its failure to observe the requirements of the ordinance under which it occupied Third street. The ordinance provided that "all that portion of Third street lying between alley No. 1 and alley No. 4 shall by said company be filled and graded to conform to a grade of said street and planked or paved the entire width of the street." It is obvious that the failure to plank and pave the street was only a temporary violation of the ordinance, however long it may have continued. The failure to comply with this requirement in the ordinance was merely an omission to do a thing that could easily

have been done at any time. If appellee sustained damage by the failure to make this improvement, the damages were of such a character as that the company could at any time relieve itself from the burden by making the improvement. The damage in this respect is of a continuing nature, and appellee may have successive causes of action against the company on account of it. It is an injury not to the market value of his property, but to the rental value of it or the use and occupation of it, as the case may be. But we do not agree with counsel that the damage for this particular injury was not sought in the petition. The pleading is full enough to and does embrace every character of injury that the appellee sustained by acts of omission and commission on the part of the company. It often happens in cases like this that it is difficult to determine with reasonable certainty whether the acts complained of are permanent or temporary in their nature, and when there is doubt upon this question we have adopted the rule of leaving it to the parties to the litigation to determine by the character of suit they bring and the proceedings thereunder whether or not the thing complained of shall be treated as permanent or temporary. In other words, where the nature of the improvement is in doubt, and the parties treat it as permanent, we will not interfere with their conclusion; and so, if they treat it as temporary. City of Madisonville v. Hardman, 29 Ky., 253; Board of Park Com. v. Donahue, 140 Ky., 502; Louisville & Nashville R. R. Co. v. Whitsell, 125 Ky., 433.

The next error assigned is that the court erred in admitting evidence and allowing a recovery for damages that resulted to appellee's residence and tannery property from the failure to plank and pave the street. The property occupied by appellee as a residence, and also his tannery property is located immediately west of alley No. 1, and not between alley No. 1 and alley No. 4; and, as the ordinance only provides for the planking and paving of Third street between alleys Nos. 1 and 4, it is said that the company was under no obligation to pave Third street in front of appellee's residence or tannery property, and hence there could be no recovery on account of the depreciation in the rental value or use of property not situated between these alleys. The witnesses for appellee were asked "to what extent, if any, has the value and use and occupation of that part of Mr.

Stein's property occupied and used by him been diminished by the failure of the defendant to plank or pave Third street between alleys Nos. 1 and 4, and keep the same in repair since 1899.'' In the instructions the jury were authorized to assess damages in favor of appellee for injury to his property by the failure to plank and pave the street between alleys Nos. 1 and 4, although the property thus injured may not have abutted on the street between these alleys. It appears, however, from the evidence that appellee's means of ingress and egress to and from the property immediately west of alley No. 1 is at the point where this alley intersects the street, and, therefore, the failure to pave and plank the street as specified in the ordinance was a direct injury to his property immediately west of the alley. We do not understand the former opinion to limit the appellee's right of recovery to the damage to his property that abutted on the street between these alleys, or to hold that appellee's right of recovery was confined exclusively to the violation of the ordinance. If by the failure to observe this ordinance or by the creation of a nuisance the ingress and egress of abutting property owners to and from their premises to Third street was interfered with or obstructed, a right of action accrued. In the former opinion the court said:

''The lot owners owned an easement in the street fronting their property different from and in addition to the rights of the general public. It was that of reasonable ingress and egress to and from their lots from that street, not only upon foot, but by vehicles. It was also to have the street maintained as a street for the use of their properties. The city was without power to cede the street to a railroad company for its exclusive use even if it had attempted to do so. * * * Independent of the condition imposed in the ordinance containing the grant, the railroad company must so use its right as not to unreasonably interfere with the property rights of the owners of the abutting lots.''

We, therefore, conclude that as the evidence showed that appellee's ingress and egress to and from Third street to his residence and tannery was obstructed and interfered with by the failure to plank and pave the street, although his property did not immediately abut on the street between these alleys, he was yet entitled to recover the damage, whatever it might be.

. It is next insisted that the recovery on account of the failure to pave and plank the street should have been limited to the damages sustained by appellee prior to January, 1907, when the last amended petition asserting these damages was filed. But the court in instructing the jury authorized them to award damages for the temporary injury without directing them up to what time they might estimate these damages. We do not think that the failure of the court to limit the recovery on account of this class of damages to January, 1907, was prejudicial to appellant. Under the instructions and the evidence, the jury had the right to, and doubtless did, consider all the damage that appellee had sustained up to the time of the trial, and while technically it would have been more appropriate for appellee to have filed an amended pleading asking damages to the date of the trial, his failure to do so was not hurtful. If the court had confined the damages the jury might award to those that accrued prior to January, 1907, then the appellee would have another cause of action for the damages accruing between January, 1907, and the date of the trial. But, as it is, if he brings another suit to recover damages on account of the failure to plank or pave this street, it can only be for the recovery of such damages as have accrued since this trial was had. Viewed in this light which we think the proper one, it is manifest that no error prejudicial to the substantial rights of appellant was committed by the failure of the court to limit appellee's right of recovery to the damage accruing prior to January, 1907.

It is also suggested that the court erred in refusing to require appellee to produce his books and papers showing the amount and cost of the improvements placed upon his property, and the amount of rents received from the property. But all the information necessary to an intelligent understanding of these features of the case were brought out on the examination of appellee and other witnesses; and we do not think that the court committed error in refusing this request.

After a careful consideration of the entire record, we conclude that appellant had a fair trial, and the judgment is affirmed.