## Louisville, Henderson & St. Louis Railway Company v. Roberts.

(Decided October 17, 1911.)

## Appeal from Ohio Circuit Court.

1. Damages—In Action to Recover, Instructions Should Define Measure of.—In all cases in which it is sought to recover damages, whether the action be in tort or contract, the instructions should inform the jury what measure of damages, if any, the plaintiff is entitled to, so that the jury may apply this measure of damage to the evidence and thus arrive at the sum that should be awarded.

2. Nuisance—Measure of Damages in Action for.—In an action to recover damages for a nuisance caused by diverting water upon the land of another, if the thing that caused the nuisance is permanent the measure of damage is the diminution in the market value of the property injured; but if the nuisance is temporary, tne measure of damage is the diminution in the value of the use of the land if it is occupied by the owner or the diminution in its rental value if it is rented out; and, if the nuisance is permanent, all the damage must be recovered in one action, but if it is temporary, successive actions may be brought.

3. Instructions—When There is Doubt as to Whether the Thing Causing the Nuisance is Temporary or Permanent.—If there is an issue made as to whether the thing causing the nuisance is temporary or permanent the court should instruct the jury to say in their verdict whether they allowed damages for a permanent or a temporary injury.

4. Instructions—Duty of Court to Give Correct.—In civil actions the court is not obliged to instruct the jury upon the whole law of the case unless requested so to do; but if the court undertakes upon its own motion or upon request of either of the parties to instruct the jury upon the law applicable to the issues, then the court should properly instruct the jury upon each issue that it undertakes to instruct concerning; and, if an erroneous instruction is given that prejudices the substantial rights of the complaining party, and proper exception is saved, it will be reversible error. It is further the duty of the court when instructions are submitted by counsel upon any issue are erroneous in form or substance, to prepare or direct the preparation of proper instructions.

GLENN & SIMMERMAN and R. A. MILLER for appellant.

G. B. LIKENS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This action was instituted by the appellee in the Ohio Circuit Court to recover damages for the diversion by

the appellant of water from a natural stream, thereby causing it to overflow appellee's land.

The charge in the petition as amended is that the appellant company "negligently reconstructed its embankment by raising the same, and in doing so negligently cut away its right of way where the natural stream crosses the railroad company's right of way, and removed the earth which naturally formed the banks of said stream where same crossed said right of way above and next to the lands of the plaintiff, so that the water which theretofore was carried into the larger stream was diverted and caused to flow down the said right of way and over and on the plaintiff's land, causing his land to be cut and the soil washed away." A further element of damage was asserted, growing out of the failure of the company to make necessary farm crossings at the place it re-constructed its road.

The answer put in issue all of the averments of the petition as amended, and in addition set up that the alterations in the right of way complained of were made before appellee purchased the land that he claims was injured by the diversion of the water.

Upon a trial before a jury, the appellee was awarded damages in the sum of $250.

The grounds of reversal relied on are (1) that the court erred in admitting incompetent evidence, (2) that the instructions are erroneous, and (3) that the verdict is contrary to the evidence. As we have reached the conclusion that the only error committed in the instructions given relates to the one on the subject of the measure of damages, we will not extend the opinion in discussing the other alleged errors. They do not seem to be important, and we doubt if the contention of counsel for appellant in respect to them is well taken.

In directing the jury as to the measure of damage, the court said:

"1. The jury will ascertain from the evidence whether or not the defendant railroad company has made a change in its roadbed where it runs through the farm owned by plaintiff or immediately above his land, and if it has made a change in its roadbed since the purchase of this farm they will then ascertain whether or not that change damages the farm of the plaintiff, and if it does damage his farm they will ascertain and find

in their verdict the amount, if any, and so state in their verdict.''

This instruction did not give the jury any guide to go by in estimating the damages that should be allowed appellee. It simply told them that if they believed his farm was damaged, to find a verdict for the amount of the damage. In all cases in which it is sought to recover damages, whether the action be in tort or in contract, the instructions should inform the jury what measure of damage, if any, the plaintiff is entitled to, so that the jury may apply this measure of damage to the evidence and thus arrive at the sum that should be awarded. Or, to state it differently, certain principles of law have been established defining the measure of damages to which a person injured by a wrongful act or a breach of contract is entitled to recover and these principles of law are intended to and should be given to the jury in the form of instructions, so that when the jury come to pass upon the amount to be awarded they may look to the instructions and see what the law allows the injured party to recover. If the jury is not thus advised as to the law of the case they have no rule or guide by which to compute or ascertain the sum that should be assessed, and may assess the damage at a much greater or smaller sum than the complainant is entitled under the law to recover. In this case it was especially desirable that the jury should have been instructed as to the measure of damage and also directed to say whether the amount awarded was intended as compensation for a temporary or permanent injury. The petition charges that the negligent construction complained of can be remedied with little expense, and so the plaintiff predicating his right to recover damages upon the ground that the nuisance complained of was temporary only sought to recover for the damage that accrued up to the time of the filing of his petition. If it should be determined that the nuisance complained of is only temporary in its nature and can be remedied or removed at a reasonable cost the damage, if any, that plaintiff is entitled to recover is what he has sustained in being deprived of the use and occupation of the land, and successive actions may be brought. On the other hand, the railroad company insists that the improvements complained of are permanent structures, intended for permanent use, and that they cannot be removed or remedied without great ex-

pense. If this is true, the damage to which the plaintiff is entitled ,if any, is the diminution of the market value of his land, and the plaintiff can only bring one action, and in that action he must recover all the damages to which he is entitled. C. & O. Ry. Co. v. Stein, 142 Ky., 515. It will thus be seen that there is a wide difference in the rights and liabilities of the parties in cases like this when the recovery is for a temporary and when it is for a permanent nuisance. It also often happens in this class of cases that the question whether the nuisance is permanent or temporary is involved in doubt; and when as in this case an issue of fact is raised concerning it, it should in justice to both parties be submitted to the jury, because if the nuisance is a temporary one and the jury so find, the plaintiff is only entitled to recover damages up to the filing of his petition or to the time of the trial, depending on the period to which the pleadings, evidence and instructions authorize the jury to find. Whereas, if the nuisance is a permanent one, and the jury so find, the plaintiff must recover all his damage in one action. Louisville & Nashville R. R. Co. v. Whitsell, 125 Ky., 433. It is manifest that in the practical application of these principles the plaintiff where the nuisance is permanent and all the damages past and future must be recovered in one action would in many cases recover and the jury would be disposed to award greater compensation than if he could bring successive actions for each recurring injury. It is, therefore, essential to a just disposition of the rights of the parties that the jury should be correctly advised as to the measure of damages they should allow. This case furnishes a good illustration of the importance of correctly instructing the jury as to the measure of damages. The plaintiff only sought to recover damages up to the time of the trial—proceeding upon the theory that if his land should be again overflowed after the trial he might bring another action for the damage thus sustained, and as many successive actions as the facts might justify. On the other hand, the railroad company insisted in its pleading and evidence that the nuisance complained of was permanent in its nature and, therefore, there could be only one recovery for all damages, both past and future. But the jury were not advised as to the different measures of damage in cases of temporary and permanent nuisance, and therefore, it is impossible to tell

from their finding whether or not they allowed damages up to the trial or intended that the amount assessed should cover any future damage that might result from the same nuisance. With the record in this condition, although the jury may in fact have allowed the plaintiff damages for future injury, the plaintiff might bring another action and recover for an injury subsequent to the trial. This of course would be palpably unfair to the defendant company.

It is said, however, by counsel for appellee that the appellant company cannot complain of the failure of the trial court to properly instruct the jury on the subject of damages as it did not offer any instruction upon this point. The rule upon this subject has been announced in several cases, but as it appears not to be thoroughly understood by the profession, we will endeavor to restate it in simple form. (1) In civil actions the court is not obliged upon its own motion to instruct upon the whole law of the case, that is to say, if there are several issues in a case, upon all of which the parties would be entitled to have the jury instructed, and the court upon its own motion only instructs the jury as to some of the issues, the failure to instruct upon the other issues will not be available error, if the instructions given are correct, although proper exceptions may be saved to the instructions given. But if the instructions given are not correct, and proper exceptions are saved, the error may be taken advantage of upon appeal. (2) If the court undertakes upon its own motion or upon request of either of the parties to instruct the jury upon the law applicable to all the issues, or in other words to give the whole law of the case, then the court should properly instruct the jury upon each issue that it undertakes to instruct concerning; and if an erroneous instruction is given that prejudices the substantial rights of the complaining party and proper exception is saved, it will be reversible error. (3) If instructions are offered upon any issue concerning which the jury should be instructed, but they are erroneous in form or substance, then the court should prepare or direct the preparation of a proper instruction in place of the defective ones. L. & N. R. R. Co. v. Harrod, 115 Ky., 877; South Covington & Cin. St. Ry. Co. v. Core, 29 Ky. Law Rep., 836.

On a retrial of this case, the court in place of instruction 1, should direct the jury as follows:

"1. If the jury believe from the evidence that the defendant in the reconstruction of its roadbed and embankment, negligently cut its right of way and removed the earth which naturally formed the bank or banks of a natural stream of water where same crosses said right of way above the lands of plaintiff, so that water which was theretofore carried into a larger stream of water, was diverted and caused to flow on to and over the plaintiff's land in larger quantities or with greater force than it did prior to said change, and his land was thereby cut or washed away, they should find for the plaintiff and fix the recovery as defined in instructions Nos. 2 and 3.

"(2) If the jury believe from the evidence that the improvement made by the defendant, and that causes, if it does so cause, the water to be diverted on to plaintiff's land as set out in instruction No. 1, was intended to be and is a permanent improvement, and the cause that produces the overflow cannot be remedied at a reasonable expense, then the measure of damage that the plaintiff is entitled to recover is the diminution in the market value of his land caused by the diversion of the water.

(3) On the other hand, if the improvement complained of was only intended for temporary purposes, or the cause that produces the overflows can be remidied or removed at a reasonable expense, then the measure of damage to which the plaintiff is entitled is the diminution in the value of the use of the property caused by the overflow, up to the time of the trial.

"(4) The jury will say in their verdict whether they award damages for a permanent or a temporary injury."

Wherefore, the judgment of the lower court is reversed, with directions to grant a new trial and to proceed in conformity with this opinion.