## Wasioto & Black Mountain Railroad Company v. Blanton.

(Decided October 7, 1914.)

### Appeal from Bell Circuit Court.

1. Damages—Injury to Land—Nuisance—How Recovery Ascertained —Where the injury or nuisance complained of is only temporary in its nature, and can be remedied or removed at a reasonable cost, the damage, if any, which the plaintiff is entitled to recover is the damage he has sustained in being deprived of the use and occupation of his land; and successive actions for recurring damages may be brought. Where, however, the structure complained of is a permanent structure, not negligently built, and intended for permanent use, and cannot be removed or remedied without great expense, the recovery in damages to which the plaintiff is entitled, if any, is the diminution of the market value of his land, and for this he can bring only one action, in which he must recover all the damages to which he is or may be entitled, either past, present or future.

2. Damages—Temporary or Permanent—Determination by Parties to Litigation.—Where there is doubt as to whether the acts complained of as having caused the damage are permanent or temporary in their nature, the courts will leave it to the parties to the litigation to determine, by the character of suit they bring and the proceeding thereunder, whether or not the thing complained of shall be treated as permanent or temporary.

3. Damages—When Duty of Trial Judge to Peremptorily Instruct as to Damages.—But where it is agreed by the litigating parties, or the uncontradicted proof shows, that the cause of the damage is permanent, and that it cannot be remedied at a reasonable expense, it is the duty of the trial judge peremptorily to so rule, and instruct the jury to make its finding of damages, once for all.

WILLIAM LOW and B. D. WARFIELD for appellant.

C. I. DAWSON for appellee.

Opinion of the Court by Judge Miller—Reversing.

The appellee, Blanton, owns a farm of about 300 acres bordering upon the south bank of Cumberland River. On that side of the river the farm slopes gently into the stream, making the water there very shallow.

Prior to 1908 the current of the river was nearest to the opposite or north bank, which was a bold, rocky bluff.

In 1908 the appellant constructed its line of railroad through Bell County, up the Cumberland River into Harlan County, and its road-bed ran along the northern bank of the river above described. In constructing its road-bed appellant, by blasting, threw a great quantity of rock and other debris into the river at a point opposite Blanton's farm. These rocks extended out into the bottom of the river, in one place a distance of sixty-seven feet from the north shore, and in other places from ten to fifty feet. The rocks were piled upon the bottom of the river to a depth of perhaps eight feet. This accumulation of rock upon the northern shore of the river forced the current and bed of the stream out of its original channel and over upon the southern shore, and against the land of appellee, washing away his fences and land.

The rock thus dug out of the side of the cliff and thrown into the river, formed a lateral support for the road-bed; and, as is shown by the proof, the accumulated rock is necessary for that purpose.

The appellee, Blanton, brought this action against the appellant, alleging that it had negligently and unlawfully constructed the embankment above described; that it had thrown the rock into the Cumberland River, thereby causing a change in the current; and as a result thereof the river had cut into and washed away a portion of appellee's land, to his damages in the sum of $1,000.00.

An amended petition sought to recover an additional $1,000.00 for damages to appellee's farm since the original petition was filed; and by a second amended petition the loss of appellee's fence was set up as an element of damage.

The proof shows that the stone and other debris thus thrown into the river, has caused its body and channel to be thrown toward and upon the south bank of the river; that this change caused the destruction of appellee's fences, and washed away a strip of his ground about 975 feet long and from twenty to thirty-five feet in width, containing about three-quarters of an acre.

Upon a trial, Blanton obtained a verdict and judgment for $750.00, and the railroad company appeals.

There is no real complaint against the size of the verdict; and since several witnesses placed appellee's damage at from $500.00 to $1,000.00, there is ample proof to sustain the verdict for $750.00.

The only question in dispute between the parties is this: Was the recovery for permanent damages, once and for all time, or was it for temporary damages only, and such, therefore, as would permit Blanton to hereafter recover for future damages?

Appellant insists, and the proof shows, that the work of constructing the road bed was properly done; that the rock could not be removed from the river bed at a reasonable expense; that its presence there is really necessary to support the road-bed, and that the damage is, therefore, permanent, and permits only one recovery under the rule so frequently announced by this court. Furthermore, it is expressly stated by Blanton that the damage to his farm is permanent.

At the conclusion of the testimony appellant asked the court to instruct the jury as follows:

"A. The court instructs the jury that if they believe from the evidence that the embankment and rocks mentioned in the evidence, changed the current of the river and damaged the plaintiff's land, and further believe that it was not negligently constructed, and further believe that said rocks in the river could not be removed at any reasonable expense, then they should award to the plaintiff such a sum as will compensate him for all damages which have accrued or which may be reasonably expected to accrue in the future to his said property caused by said embankment and said rocks. Not to exceed the amount claimed in the petition.

"B. If the jury find for the plaintiff, they shall say in their verdict whether they find for permanent injury or for temporary injury."

The trial court refused to give said instructions; and, upon the measure of damages, instructed the jury as follows:

"If you believe from the evidence that the defendant, Wasioto & Black Mountain Railroad Company, constructed and caused to be constructed along and opposite the lands of the plaintiff, described in the pleadings, an embankment, and threw or caused to be thrown into the river at the said point, rock, earth and other material,

so as that the channel of the river was changed, and that as a direct and proximate result of the said embankment, and the throwing of said material into the river, the lands of the plaintiff have been washed and damaged and his fencing injured or destroyed, you will find for the plaintiff, and fix his damages at such a sum as you may believe from the evidence will fairly and reasonably compensate him for his damages by reason thereof to this date, not to exceed the difference in value, if any, between the market value of the said farm immediately before the construction of the said embankment, and the throwing of said material into the river, and its market value as of this date, provided you believe from the evidence the depreciation in value, if any, has been caused by the building of the said embankment, and the throwing of said material into the river, and the changing of the current of said river. In no event can your finding exceed the sum of $2,000.00, the amount claimed in the petition.''

It will be seen that the court's instruction confined appellee's recovery to the damages he had received to the time of the trial, thereby treating the damage as a temporary damage, or as one that could be reasonably remedied, and, consequently, permitting the landowner to recover for future damages.

The rule has become well settled in this jurisdiction that where the injury or nuisance complained of is only temporary in its nature and can be remedied or removed at a reasonable cost, the damage, if any, which the plaintiff is entitled to recover, is what he has sustained in being deprived of the use and occupation of his land; and successive actions for recurring damages may be brought. Where, however, the structure complained of is a permanent structure, not negligently built, and intended for permanent use, and cannot be removed or remedied without great expense, the recovery in damages to which the plaintiff is entitled, if any, is the diminution of the market value of his land; and to recover that damage the plaintiff can bring only one action, in which he must recover all the damages to which he is, or may be entitled, either past, present or future. C. & O. Ry. Co. v. Stein, 142 Ky., 515; L. H. & St. L. Ry. Co. v. Roberts, 144 Ky., 822; M. H. & E. R. R. Co. v. Graham, 147 Ky., 606; M. H. & E. R. R. Co. v. Thomas, 148 Ky., 131; C. & O. Ry. Co. v. Robbins, 154 Ky., 387; Shrout v. C. & O. Ry. Co., 157 Ky., 1.

In the Graham case, *supra,* we said:

"There are cases where the trouble cannot be remedied at a reasonable expense; that is, where the cost of remedying it would be so great as to justify the railroad company in condemning property and taking it under the power of eminent domain. In this character of cases there should be a recovery once for all. In building a railroad, the company may do its work so as to deflect a stream from its course, and this may be necessary in the construction of the road. So it has been held that if the trouble may be remedied at a reasonable expense, it may be regarded as temporary; but if the trouble cannot be so remedied, it should be regarded as permanent; and this is a question for the jury." L. & N. R. R. Co. v. Whitsell, 125 Ky., 433; I. C. R. R. Co. v. Haynes, 122 S. W., 211; L. H. & St. L. Ry. Co. v. Roberts, 144 Ky., 820.

The case at bar comes within the rule announced. The uncontradicted proof shows that it not only will be impossible to remedy the trouble at a reasonable expense, but that the rocks which caused the trouble are necessary to the support of the road-bed. This is, therefore, a case of permanent injury in which there should be a recovery once for all.

It will be noticed that while the circuit judge gave the proper measure of recovery for permanent injuries, he nevertheless restricted the plaintiff's recovery to his damages to the date of trial, thereby permitting him to hereafter recover future damages, if there should be any.

In this the trial judge clearly was in error. And, although in determining whether the cause of the damage is permanent or temporary in its nature, it is usually within the province of the jury to determine that question and say whether the trouble can be remedied at a reasonable expense, nevertheless, when the uncontradicted evidence shows that the cause is permanent and not temporary, it should be treated as a fact established, and the law given accordingly.

In C. & O. Ry. Co. v. Stein, 142 Ky., 520, we said:

"The pleading is full enough to and does embrace every character of injury that the appellee sustained by acts of omission and commission on the part of the company. It often happens in cases like this that it is difficult to determine with reasonable certainty whether the acts complained of are permanent or temporary in their nature, and when there is doubt upon this question we

have adopted the rule of leaving it to the parties to the litigation to determine by the character of suit they bring and the proceedings thereunder, whether or not the thing complained of shall be treated as permanent or temporary. In other words, where the nature of the improvement is in doubt, and the parties treat it as permanent, we will not interfere with their conclusion; and so, if they treat it as temporary. City of Madisonville v. Hardman, 29 Ky., 253; Board of Park Com. v. Donahue, 140 Ky., 502; Louisville & Nashville R. R. Co. v. Whitsell, 125 Ky., 433.''

Such is the case here. It is claimed by the appellant, however, and is conceded by Blanton, that the cause of the damage is permanent, and cannot be remedied at a reasonable expense; and that being true, it was the duty of the circuit judge peremptorily to so rule, and instruct the jury to make its finding of damages, if any, once for all. The measure of damages prescribed in the instruction given, properly presented that question; but the clause of the instruction which restricted the plaintiff to a recovery of damages to the time of the trial, and consequently permitted him to have recurrent suits for future damages, was clearly erroneous, and prejudicial to appellant.

Judgment reversed.