## Bellew, et al. v. Gregory, et al.

(Decided March 6, 1917.)

### Appeal from Daviess Circuit Court.

1. Trial—Instructions.—In civil actions the court is not obliged to instruct the jury upon the whole law of the case, unless requested so to do; but, if the court, upon its own motion or upon the motion of either of the parties, undertakes to instruct the jury upon the law applicable to the issues, it should properly instruct the jury upon each issue concerning which it attempts to instruct; and if an erroneous instruction is given that prejudices the substantial rights of the complaining party, and proper exception is saved, it will be reversible error.

2. Frauds, Statute of—Contracts—Performance.—A. was indebted to the bank on a note, on which G. and L. were sureties, secured by mortgage on A.'s land. The note being due and unpaid, the bank brought suit and secured a personal judgment against A., as principal, and G. and L. as sureties, and an order for the sale of the mortgaged property. To protect themselves, A., G. and L. procured H. to allow them to bid the property in in his name and to sign the purchase money bond as principal, they becoming his sureties thereon, upon the agreement that when the bond fell due, in six months, they would procure the money for him on terms permitting him to repay it at the rate of $25.00 per month, which would have extended the payments over a period of about five years, giving a mortgage thereon to the one advancing the money. At maturity, the bond being unpaid, the property was resold for less than the amount of the bond, G. and L. being required to pay the deficiency, whereupon they filed suit for that amount against H., to which H. pleaded the failure to advance the money, as per the verbal contract. Held, that the contract was to be performed within six months, and was not within the statute of frauds.

3. Frauds, Statute of—Pleading.—A contract within the statute of frauds is not invalid, but merely unenforceable, and where one party has performed his part of such contract he may plead

same in defense of an action by the other, to prevent the other from reaping benefits from his own failure to perform.

JAMES J. SWEENEY and FLOYD J. LASWELL for appellants.

R. M. HOLLAND for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Albert Bellew, the father of appellant, Harry Bellew, was indebted to the United States Bank of Owensboro in the sum of $1,500.00, evidenced by his note, upon which appellees, J. E. Gregory and J. R. Lancaster, were sureties, and further secured by a mortgage on a house and lot in Owensboro owned by Albert Bellew. The bank brought a suit upon this note and secured a personal judgment against Albert Bellew, Gregory and Lancaster, and an order for a sale of the mortgaged property to satisfy the judgment. At the sale of this property by the master commissioner, pursuant to this judgment, on April 21st, 1913, Albert Bellew bid in the property for $1,591.80, the amount of the debt, interest and costs, for his son, Harry Bellew, in whose name he had the master report the purchase. Harry Bellew, as principal, with Albert Bellew and appellees, Gregory and Lancaster, as sureties, executed a purchase bond, due in six months. The purchase bond not having been paid when due, the sheriff of the county, under an execution, resold the property, at which sale it did not bring the amount due upon the sale bond, by $535.00, which amount the appellees, Gregory and Lancaster, were required to, and did, pay, in satisfaction of their obligation under the sale bond. Thereafter they brought this suit, seeking to recover that amount, with interest, from Harry Bellew.

For answer, appellant stated, that he was not present, and did not become the purchaser of the property, at the master's sale, but that same was purchased by plaintiffs, J. E. Gregory, J. R. Lancaster, and Albert Bellew, for $1,591.80, the amount of the debt, interest and costs adjudged against them, and that they, before and after said sale, agreed with the defendant, Harry Bellew, that they would have the sale reported in his name and become sureties for him upon the sale bond, because they were unable to get sureties and purchase the property in their own names; and that they would borrow the money with which to pay off the bond when due, and that he would mortgage the property to whomsoever they would

borrow the money from and pay it back in installments at the rate of twenty-five dollars per month; that he signed said bond with this understanding and agreement, and not otherwise, and that the plaintiffs, and Albert Bellew, did not comply with their agreement, and pay said money when due, or borrow the money to pay said debt; that he only agreed to purchase the property upon the condition that plaintiffs would pay off the bond, and he would mortgage the property to any person from whom plaintiffs procured the money, so that he would have the right to repay same at the rate of twenty-five dollars per month. Plaintiffs demurred to this answer, which was overruled, and they then filed a reply controverting its allegations. Upon the trial of the issues thus formed, before a jury, a verdict was returned in behalf of plaintiffs, upon which a judgment was entered against appellant, Harry Bellew, for $535.00, with interest and costs.

Appellant seeks a reversal of that judgment, upon the ground that the instructions given by the court, over objections and exceptions, were prejudicially erroneous, and that the verdict of the jury was flagrantly against the evidence.

The instructions to which the objections are urged are, as follows:

"1. Gentlemen of the jury, if you do *not* believe from the evidence that Mr. Lancaster and Mr. Gregory agreed with Mr. Harry Bellew at the time or immediately before he purchased this property at the master commissioner's sale on April 21, 1913, that if he would purchase the property that they would become his sureties on the bond for the sale of this property, and that they would let him pay at the rate of $25.00 per month until that purchase price was satisfied, then you will find for the plaintiffs.

"2. If you *do* believe from the evidence that Mr. Lancaster and Mr. Gregory agreed with Harry Bellew at the time he purchased that property on April 21, 1913, that Mr. Harry Bellew might purchase that property and they would become his sureties and let him pay for that property at the rate of $25.00 per month, then you will state that fact in your verdict, and nothing more."

These instructions are not only not aptly drawn, but they do not submit for the consideration of the jury, at all, the material part of the agreement, and its breach,

relied upon by the defendant. His defense was, that he signed the bond, as purchaser, pursuant to an agreement, and upon the condition, that the plaintiffs, and Albert Bellew, would, when the sale bond became due, furnish or procure for him the money to satisfy it, upon terms permitting him to mortgage the property to secure the debt and repay the money at the rate of twenty-five dollars per month; and the breach of that agreement relied upon by him, as a defense in this action, is the failure of the plaintiffs to furnish or procure for him the money necessary to satisfy the sale bond when due, yet this fact is not referred to, in either of the instructions given. The jury may not have believed from the evidence, that plaintiffs and Albert Bellew gave defendant permission to pay off the sale bond at the rate of twenty-five dollars per month, a thing they could not have done, and did not claim they had done, and yet, if the jury did not believe they had given him such permission, they were told to find for the plaintiffs, while they were not authorized, in any event, to find for the defendant. Manifestly, these instructions did not present to the jury the breach of the alleged contract upon which the defendant relied, and they did not, therefore, present his theory of the case, at all. Appellant objected and excepted to the instructions given, but he did not offer any. However, since the court undertook to instruct the jury upon the law applicable to the only issue involved, but gave instructions which were erroneous and prejudicial to appellant, a reversal will be ordered. L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820.

Upon another trial, the instruction given, if the evidence is substantially the same, should be as follows:

"Gentlemen of the jury, you will find for the plaintiffs, the sum of $535.00, against Harry Bellew, unless you believe from the evidence, that the plaintiffs, J. R. Lancaster and J. E. Gregory, and the defendant, Albert Bellew, agreed with the defendant, Harry Bellew, before the sale by the master commissioner of the property described in the proof, or before the execution by the parties of the sale bond therefor, that, if he would become the purchaser of said property at said sale, they would sign the sale bond as his sureties, and, on or before the date the sale bond became due, they would furnish or procure for him the purchase money to pay off the said sale bond, upon terms permitting him to execute a mortgage

on the property to secure the same and to repay same at the rate of $25.00 per month, and that, pursuant to such agreement, Harry Bellew became the purchaser of said property and executed bond for the purchase price, and that they failed or refused to furnish or procure for him said sum according to such agreement, in which event you will find for the defendant, Harry Bellew.''

2. Appellees insist that defendant's defense is a contract not to be performed within one year and, not being in writing, is not enforceable, and that, therefore, the demurrer to his answer should have been sustained; and that the judgment is correct and should be affirmed, regardless of any error in the trial, because the answer does not present a defense. We cannot agree that the contract alleged by the defendant is within the statute of frauds, because, by its terms, it was to be performed within six months. The contract upon a breach of which the defendant relies, was, that the plaintiffs would furnish him a certain sum of money, upon definite terms, within six months, and that contract need not have been in writing to be enforceable. It is true, that the money to be furnished within six months, was to be furnished upon terms permitting the defendant to repay same at the rate of twenty-five dollars per month, which would have extended his payments over a period of five years, but the contract, as alleged, provided that, when plaintiffs furnished defendant with the money, or procured another to do so, he was to execute a mortgage on the property, to secure the payment of said sum to whoever furnished it, and to repay it at the rate of twenty-five dollars per month; so it is clear, that the contract alleged provided for its complete execution within less than a year. Plaintiffs, having failed to comply with their obligation under the contract, which would have carried with it the execution of a written and enforceable contract, are not in a position, in this case, to rely upon the statute of frauds, even if the contract were within the statute, since the statute does not declare that such a contract is invalid, but provides simply that it cannot be enforced, and defendant is not attempting to enforce it, but is relying upon same as a defense, to prevent plaintiffs from reaping benefits from their failure to perform after he had performed his part thereof. See East Tenn. Tel. Co. v. Paris Elec. Co., 156 Ky. 762; S. C. Ann. Cases, 1915C, 543, and note thereto.

Since a reversal will be ordered because of error in the instructions given, it is not necessary for us to consider the other proposition relied upon by appellant for reversal.

For the reasons indicated, the judgment is reversed and cause remanded for another trial consistent herewith.