## Morton et al. v. Chesapeake & Ohio Railway Company.

(Decided June 2, 1931.)

MARCUS C. REDWINE for appellants.

BENTON & DAVIS, and HUNT & BUSH for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellants, J. W. Morton and Eva Morton, sued the appellee, Chesapeake & Ohio Railway Company, to recover damages to their land, covering a period of five years, by reason of the alleged wrongful narrowing or obstruction of a small creek which ran for a short distance on the railroad right of way. It was charged that the water was caused to overflow and cut a channel across their land. They prayed judgment for $2,000, but the jury awarded them only $300, and they appeal.

The case was pitched upon the ground of negligent maintenance, resulting in recurring damages. It was pleaded that the railroad company could remove the obstruction from the stream at a reasonable cost and thereby permit the free passage of the water. The company traversed the allegations and affirmatively pleaded that the structure was permanent and necessary and could not be removed without an unreasonable and disproportionate cost.

Plaintiffs' pleadings brought the case within that line applying the rule that where the interference was due to a failure to exercise proper care to protect the adjacent property rights or the structure is of a temporary nature or capable of removal at reasonable expense, damages may be recovered in each instance of invasion. The defendant's answer brought the case within the other line applying the rule that where the interference was by a permanent structure properly built, or improperly built but which cannot be remedied at reasonable comparative expense, there may be but a single recovery for the depreciation in value of the adjacent property. The distinction is noted and cases of each class cited in Dugan v. Long, 234 Ky. 511, 28 S. W. (2d) 765. Special reference may be made to Chesapeake & O. Ry. Co. v. Weddington, 231 Ky. 747, 22 S. W. (2d) 131, presenting quite similar conditions, and upon which the plaintiffs' pleadings were apparently based, and to Wasioto & Black Mountain Ry. Co. v. Blanton, 160 Ky.

134, 169 S. W. 589, presenting a situation like that claimed by the defendant but of greater magnitude.

The evidence was that the railroad where it adjoined plaintiffs' property was on a fill 25 or 30 feet high and had been so built for fifty years or more. The nature of the soil was such that there had been a gradual settling or creeping, and the lateral pressure pushed the base of the fill out into the stream. Piling had been driven to prevent the slipping and from time to time rock had been placed on the fill, some of which rolled into the creek and had been placed so as to prevent erosion. Several times during winter months the water took a short cut across plaintiffs' field in a channel 2 feet or more deep and 10 or 15 feet wide. The plaintiffs' evidence tended to support their pleading, and that for the defendant tended to support its contentions, as to the nature of the interference.

It is submitted that the court erred in overruling the demurrer to the second paragraph of the answer. It is difficult to follow the argument. An answer may present as many consistent defenses as the defendant may have. The company claimed that if there was any damage it was permanent and unavoidable. It was necessary to plead it in order to prove it. In Louisville & N. R. Co. v. Conn., 179 Ky. 478, 200 S. W. 952, 954, after reference to the two rules of recovery alluded to, it is written:

> "But, in order for a litigant to be entitled to insist upon an observance of those rules by the trial court, there must be a presentation or insistence made in the case of some character, either by pleading or by evidence, of the issue upon the question of the nuisance being permanent or only temporary."

See, also, Louisville & N. Railroad Co. v. Bennett, 196 Ky. 679, 246 S. W. 121; Wasioto & Black Mountain Ry. Co. v. Blanton, supra. The demurrer was properly overruled.

The claim of error most fervently pressed is that the court erred in instructing the jury only upon the theory of a permanent structure and damage. The plaintiff offered an instruction submitting the law under both rules discussed and directing the jury to say in their verdict (if for the plaintiff) under which class it was found, as was held to be proper in Louisville & N. Railroad Co. v. Whitsell, 125 Ky. 433, 101 S. W. 334, 31 Ky.

Law Rep. 76. The bill of exceptions appropriately shows it was not given. But the instructions which were given are not made a part of the bill of exceptions by either incorporation or reference. It simply recites that the court gave to the jury instructions 1, 2, and 3, and to the giving of Nos. 1 and 2 the plaintiffs "objected and excepted at the time and now except." An order recites that the jury "having received the instructions of the court and argument of counsel being concluded," retired and returned the verdict. Following it are what purports to be the instructions so received. But there is no order of court making them a part of the record and nothing to authenticate them. A motion has been made by the appellee to strike that part of the clerk's record, which must be sustained.

We have a long line of decisions beginning with Goldsbury v. May (1822), 11 Ky. (1 Litt.) 254, to the effect that instructions must be made a part of the record by order of court or by a duly authenticated bill of exceptions. It is not sufficient merely to have them copied in the clerk's record. Neely v. Strong, 186 Ky. 546, 217 S. W. 898; Cotton States Life Insurance Co. v. Spencer, 220 Ky. 536, 295 S. W. 861. It follows we cannot consider the objections now offered to the instructions.

Disposition being thus made of the grounds upon which a reversal of the judgment is sought, it must be and is affirmed.