## Porter v. Johnson.

Oct. 10, 1939.

B. S. Grannis for appellant.

O. R. Bright for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, R. A. Johnson, sued the appellant, Robert Porter, for breach of contract to saw logs to be cut from his land and delivered at plaintiff's mill placed thereon. He prayed damages for $1,251.25. The defendant set up a contract different in some respects from that alleged by the plaintiff, and as a counterclaim asked damages for $580 for its breach by the plaintiff. A verdict and judgment for the plaintiff for $390 were rendered. The defendant appeals.

The appellant now relies only on a claimed error of the court in failing to instruct on one issue raised by his counterclaim, and we confine our consideration of the case accordingly.

The pleading on that issue is that the contract was a conditional one, namely, that the plaintiff was to saw the logs "promptly and properly, provided the defendant could find a sale for same, which the plaintiff agreed to help him do," and that the defendant "did have buyers and orders for lumber but that he could not procure plaintiff to saw his lumber to fill said orders and the purchasers left him." The evidence on the point is that the defendant made a contract on condition, which is thus stated by him:

"Mr. Johnson wanted the job of sawing and I told him I would try to have the timber cut if he, if I could sell it. I didn't know nothing about lumber and measuring it, and he said it'd be no trouble selling it. Said he knowed three fellows who wanted barn patterns and he would see them and get the order and saw it right up. There are the terms. I agreed to have the saw on that boundary, on the big boundary. On the Story boundary."

Neither party offered instructions and those given were prepared by the court. The first instruction submitted the right of the plaintiff to recover damages if the jury believed the parties entered into an agreement to saw timber growing on "one or both tracts mentioned in the pleadings and proof herein," and that the defendant had breached that contract by preventing the plaintiff from performing it. The instruction on the counterclaim as to improper sawing and the plaintiff's failure to saw other logs is not questioned. The argument is confined to the error in failing to present affirmatively the defendant's plea that the contract was conditioned upon the defendant's being able to sell the lumber

and the plaintiff helping him to do so. It is maintained that as the court undertook on its own accord to give the whole law of the case, it should have included this issue.

Waiving the very doubtful questions of the sufficiency of the pleading and of the right of the appellant to rely upon the claimed error, because of his own failure to offer an instruction on this point (Louisville, H. & St. L. Railway Company v. Roberts, 144 Ky. 820, 139 S. W. 1073), we deem it sufficient to say that the evidence did not authorize such instruction. It shows no more than an inducement on plaintiff's part to obtain the contract. Presumably, unless one desires to use the lumber himself he does not want his timber sawed except to sell it, and that is all the plaintiff's statement amounts to. He does not undertake to say there was any guarantee on the part of the defendant that he would sell the lumber and there was no such defense. There is no evidence that the defendant could not have sold the lumber or that the plaintiff had refused to help him sell it. Declining to give an instruction upon a theory for which there is no evidence is not a failure to observe the rule requiring the court, when it undertakes to instruct on all the issues, to give the whole law of the case. Bell's Adm'r v. Louisville Railway Company, 148 Ky. 189, 146 S. W. 383.

The judgment is affirmed.