### KENNEDY v. GARRARD.

(Court of Civil Appeals of Texas. Dallas. April 12, 1913. Rehearing Denied May 3, 1913.)

1. LANDLORD AND TENANT (§ 170*)—LANDLORD'S LIABILITY—NUISANCE.

To make the landlord liable for damages for the maintenance of a nuisance on the premises, it must necessarily result from the ordinary use of the premises by the tenant, or for the purpose for which they were let; and the landlord is not responsible for a nuisance caused by the negligent use of the premises by the tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 685–690; Dec. Dig. § 170.*]

2. NUISANCE (§ 35*)—MEASURE OF LIABILITY.

If a nuisance is permanent, so that the damage therefrom to adjacent property constantly and regularly occurs, the person injured may recover the resulting depreciation in the value of his property, both in the past and future at one time, and is not entitled, in addition, to have the nuisance enjoined.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 93–94½; Dec. Dig. § 35.*]

3. NUISANCE (§ 35*)—ACTION—RELIEF.

If a nuisance to adjacent property was abatable, the person injured thereby would be entitled, in an action to abate the nuisance, to recover such damages as would fairly compensate him for having been deprived of the enjoyment of his property up to trial, and, in addition, to have the maintenance of the nuisance restrained.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 93–94½; Dec. Dig. § 35.*]

4. APPEAL AND ERROR (§ 759*)—BRIEFS—NONCONFORMITY WITH COURT RULES.

Assignments of error which are not briefed according to the court rules are not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS.

Judgment will not be reversed for refusal of a special charge requested, which was sufficiently covered by the court's general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

6. NUISANCE (§ 33*)—ACTION FOR DAMAGES—ADMISSION OF EVIDENCE.

In a suit to restrain the maintenance of a livery stable as a nuisance, and to recover damages, evidence offered by plaintiff that defendant had contracted not to engage in the livery business in the town for five years, and that a suit

was pending to enjoin him from doing so, was immaterial.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 84–89; Dec. Dig. § 33.*]

Appeal from District Court, Delta County; R. L. Porter, Judge.

Suit by T. T. Garrard against S. W. Kennedy. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Patteson & Patteson, of Cooper, and A. P. Park, of Paris, for appellant. B. B. Sturgeon and Wright & Patrick, all of Paris, and Newman Phillips, of Cooper, for appellee.

TALBOT, J. Appellee sued appellant to recover damages for a depreciation in the value of his house and lot, situated in the town of Cooper, Delta county, Tex., and occupied by himself and family as a home, alleged to have resulted from the construction and use by appellant of a livery stable near appellee's said home. The petition alleges, among other things, that the use of the building erected by the defendant, Kennedy, for livery stable purposes has caused irreparable damage and injury to plaintiff's premises, impaired the health of plaintiff and his family, destroyed the comfort, peace, and sanctity of his home, and will continue to do so as long as said building is so used as a livery stable; that said stable is a distance of only about 40 feet from plaintiff's residence and on the east side thereof; that said stable cannot be operated without creating loud noises, foul stenches, and disagreeable and unwholesome odors, which have, and will in the future, during the existence and ordinary operation of said livery stable, destroy the comfortable enjoyment of his home; that plaintiff's premises are only valuable as residence property; and that without said livery stable and the use of said building in the ordinary way as a livery stable they are worth the sum of $3,000, but with the structure and the use of the same in the ordinary way as a livery stable plaintiff's said premises are entirely worthless. Plaintiff prayed, upon final hearing, for a mandatory injunction requiring the defendant to tear down said livery stable building, and that defendant be forever enjoined from erecting thereon a similar structure; that defendant be forever enjoined from conducting on any portion of said premises a livery stable or similar business, or in the alternative, if the defendant should be allowed to conduct said livery stable on said premises, that same be restrained in such manner as to protect plaintiff as much as possible and mitigate his damages, etc.; and that plaintiff recover damages in the sum of $3,000, costs of suit, and such other relief as he was entitled to have.

Defendant pleaded a general demurrer, general denial, and by way of cross-action prayed for damages in the sum of $1,000 for the wrongful suing out of the temporary injunction theretofore granted by the court. The case was tried by the court and a jury, and the trial resulted in a verdict and judgment in favor of plaintiff for the sum of $25 damages, and permanently enjoining and restraining the defendant from conducting a livery stable at the place described in the petition, and the defendant appealed.

The first assignment of error challenges the correctness of the court's charge in permitting a recovery against the appellant, because he says the uncontradicted evidence shows that the livery stable in question was leased to and being conducted by appellant's brother, J. D. Kennedy, and that in order to hold appellant liable as landlord the nuisance must necessarily result from the ordinary use of the premises for which they were let; that where the use of the premises may or may not become a nuisance, according as the tenant exercises reasonable care, or is negligent in the use, the tenant is alone responsible. A sufficient answer to this contention is that the evidence was not uncontradicted on the issue, and that the effect of the charge was to permit plaintiff to recover only in the event the jury should find that the defendant himself conducted and maintained the stable in such manner as to constitute a nuisance. Had the defendant prepared and requested a charge more directly and specifically presenting the issue, we are inclined to think it should, under the evidence, have been given; but in the absence of such a requested charge the manner in which the question was submitted to the jury, as here complained of, furnishes no sufficient reason for a reversal of the case.

[1] Mr. Wood, in his work on Landlord and Tenant (volume 2, § 536), says the rule upon the subject may be stated, as a result of the authorities, to be: "That in order to charge the landlord the nuisance must *necessarily* result from the ordinary use of the premises by the tenant, or for the purpose for which they were let; and where the ill results flow from the improper or negligent or improper use of the premises by the tenant, or, in other words, when the use of the premises may or may not become a nuisance, according as the tenant exercises reasonable care, or uses the premises negligently, the tenant alone is chargeable for the damages arising therefrom."

Appellant further contends, in effect, that by the pleadings, the evidence, and charge of the court the nuisance alleged was treated as permanent, and that by his recovery of $25 plaintiff is compensated for all damages suffered by him, past, present, and prospective, and therefore the court erred in granting and perpetuating the injunction. In this contention we concur. As heretofore shown, the plaintiff alleged, in substance, that his premises are valuable only as residence property; that without the said livery

stable and the use of the building and premises in the ordinary way as a livery stable they are worth $3,000, but with the structure and the use of the same in the ordinary way as a livery stable plaintiff's said premises are entirely worthless. The plaintiff testified that his property was worth $2,500 without the stable and $1,500 with the stable as it is. There was other testimony to the effect that the market value of plaintiff's property before the stable was erected and used was about $2,500, and that its value had been decreased by the erection and use made of the stable from $500 to $1,000. The court charged the jury on the measure of damages as follows: "In the event you find for plaintiff under the instructions hereinbefore given, then you are instructed that the measure of damages will be the difference in the market value of plaintiff's premises without the livery stable and its value with the livery stable as it has been used and now exists." There seems to have been no charge authorizing the assessment of damages for any physical discomfort suffered by the plaintiff and his family in the enjoyment of their home. The record sent to this court indicates very clearly that the case was prosecuted and tried solely upon the theory that the nuisance charged was permanent and not abatable.

[2] If, in fact, it is of a permanent character, and the "injury constantly and regularly occurs," then the whole damage, past, present, and future, may be recovered at once, as seems to have been done in this case, and the measure of plaintiff's damages, as charged by the court, is the resulting depreciation in value of his property (Rosenthal v. Railway Company, 79 Tex. 325, 15 S. W. 268), and the injunction was improperly perpetuated.

[3] If, however, the nuisance charged is abatable, and the plaintiff's purpose was to treat this case as an action for its abatement, then the proper measure of his damages was not given in charge to the jury. In such a case, if entitled to recover at all, he would be entitled to recover such damages as would fairly compensate him for having been deprived of the comfortable enjoyment of his property up to the time of the trial, and also to have an injunction restraining the defendant from so using and maintaining his livery stable as would amount to a nuisance. Hockaday v. Wortham, 22 Tex. Civ. App. 419, 54 S. W. 1094. But, as held in the case here cited, if the plaintiff was entitled to recover as the measure of his damages a sum of money equal to the depreciation in the value of his property, he should have elected that remedy; for he could not recover such damages (as he did) and, in addition, have the cause of injury so treated as permanent removed by injunction. Rosenthal v. Railway Company, supra; City of Paris v. Allred, 17 Tex. Civ. App.

125, 43 S. W. 62. The case at bar differs from Burditt v. Swenson, 17 Tex. 489, 67 Am. Dec. 665, in that in the latter case the plaintiff only sought to recover the damages sustained by him in consequence of the nuisance complained of up to the time of the hearing, with a prayer for an injunction perpetually restraining the defendant from maintaining the nuisance; whereas in the present case the pleadings are such as to authorize a recovery for the whole damage at once, with a prayer for a similar injunction, and such was the recovery had. This being the nature and extent of plaintiff's recovery, the judgment must be reversed. Having recovered, according to the verdict of the jury, the amount of depreciation of his property, based on the permanency of the nuisance alleged, plaintiff was not entitled to have the continuation of the nuisance enjoined.

[4] Some of appellant's assignments of error are not briefed in accordance with the rules, and are not therefore entitled to consideration; but, in order that the lower court may have our views, briefly stated, upon the questions raised by them upon another trial, they have been considered.

[5] The refusal of the special charge made the basis of the second assignment furnishes no ground for a reversal, because it was sufficiently covered in the court's general charge.

The fourth and sixth assignments have been sufficiently discussed in what has already been said, and the fifth discloses no error.

[6] The seventh and last assignment is as follows: "The court erred in overruling the objection of plaintiff and permitting counsel for plaintiff to prove by the defendant, S. W. Kennedy, that he had made a contract not to engage in the livery stable business in the town of Cooper for the space of five years, and there was now pending a suit in the district court of Delta county, asking that he be enjoined from conducting a livery stable in said town of Cooper, which evidence was objected to on the grounds that the facts elicited were immaterial, irrelevant, did not tend to prove that the livery stable as being conducted was a nuisance, and the only effect such testimony could have would be to prejudice the defendant before the jury, and that such testimony was not admissible against the defendant on this trial, either to affect the merits of this controversy, or for the purpose of impeachment." We are inclined to think that the testimony here complained of was inadmissible in the state of the record sent to this court for any purpose, and therefore should have been excluded.

For the reason indicated, the judgment is reversed, and the cause remanded to be tried in accordance with the views expressed in this opinion.

Reversed and remanded.