## Elkhorn & Beaver Valley Railway Company v. Hagans.

(Decided April 24, 1925.)

### Appeal from Floyd Circuit Court.

1. Appeal and Error—Defendant Held Not in Position to Complain of Instructions Given on Permanent Rather than Temporary Injury Basis.—In suit for temporary injuries to land by flooding caused by clogging channel of creek, defendant held not in position to complain that court instructed on basis of permanent injuries, where by its pleadings it manifested desire to have controversy settled once for all, and instructions were therefore in accordance with its manifest desire.

2. New Trial—Required by Grossly Excessive Verdict Indicating Passion or Prejudice.—Verdict for $1,750.00 for injury by flooding to 3 acres of 40 or 50 acre farm, whole being worth not exceeding $3,000.00, and improvements being unaffected, held grossly excessive, so as to require new trial, under Civil Code of Practice, section 340, subsection 4, as having been superinduced by passion or prejudice.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

A. J. MAY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellee is the owner of a farm of forty or fifty acres on Beaver creek in Floyd county, abutting on that stream. Appellant is the owner of a railroad extending up Beaver creek. The railroad is located on one side of the creek and appellee's farm on the other.

In this action for damages by appellee it is alleged in substance that within five years prior to the filing of the suit the two defendants, appellant and Davis, agent of the President, had thrown into said Beaver creek large

quantities of dirt, rock and other *debris,* whereby the waters thereof were obstructed and the channel of the stream changed so that the waters were diverted from their natural course and caused to flow over appellee's land, which cut and washd away the top soil therefrom at places, and at other places caused a deposit of white sand to be accumulated thereon; and that the injuries complained of "are of a temporary and continuing and recurring nature."

Each of the defendants filed separate answers traversing the material allegations of the petition, and affirmatively pleading certain facts relating to the operation and control of the railway by the federal government; but these affirmative pleas are not now involved because the trial court directed a verdict in favor of defendant Davis, agent, the evidence showing that the injuries complained of occurred since the termination of federal control.

Appellee's evidence tended to show that in 1921 large quantities of rock and drift were thrown by the railroad company over the bank of the creek and into its channel, and that as a result the channel was considerably narrowed, and when the tides came in the spring of 1922 and in the spring of 1923 the water overflowed the creek banks on appellee's side, and the channel changed so as to run over her property with great swiftness, whereby the washing away of the soil and the deposit of sand was brought about.

The defense in substance was that appellee's property had been subject to overflow for many years, during periods of high water, and that there had been in fact no change in the creek channel, and no obstruction of its waters, and that the swift running of the water over appellee's property had been brought about by the cutting and removal of timber which had formerly been along the creek bank on her side, and which had served to obstruct the flow of water during the freshets.

After directing a verdict for Davis, agent, the cause was submitted to the jury as against appellant, and a verdict returned for the plaintiff for $1,750.00 in damages; a judgment having been entered thereon and a motion for a new trial overruled, this appeal results.

Only two grounds of reversal are urged, (1) that in as much as the plaintiff's petition alleged only a temporary injury to her property, and the court in its in-

structions authorized a recovery only for permanent injury thereto, the instruction did not properly present the issue; and (2) that the damages are grossly excessive.

It is true the plaintiff only alleged temporary injuries, but defendants each expressly traversed that al legation in their answers, whereby they evidently manifested their desire to have the controversy settled once for all, and therefore to have the court instruct the jury on the basis of a permanent injury. This the court did, and evidently did in response to this manifest desire of defendant; and therefore defendant is not now in position to raise the question after having had the instruction given in accordance with its own desires as shown by its pleading. Under this state of the record appellant will not be heard to complain of the court's action.

Several of appellee's witnesses estimate the damages at from two to three thousand dollars, and yet the admitted facts as to the area of the washout and the sand deposit shows that not exceeding three acres of plaintiff's forty or fifty acres were injured; and the only basis which the jury could have had for fixing the amount of the verdict was the estimate by two or three of plaintiff's witnesses that the land involved was worth four or five hundred dollars an acre. It appears from the admission of plaintiff's husband that the whole property for one of the years involved had been valued by him for taxation purposes at only $1,000.00, and that for some other years it had been assessed at even less than that. It likewise appears that there is a dwelling house on this farm, and possibly other improvements, none of which were affected by the washout or deposit of sand, and that the whole farm including the improvements had been valued for taxation by the husband of appellee at different times from $800.00 to $1,000.00.

If it be assumed that his valuation for assessment was not more than one-third of the value of the forty or fifty acres, and that the real value was at least $3,000.00, we are still asked to approve a verdict and judgment for considerably more than half of the value of the whole because of an injury to one-fifteenth of the acreage, the improvements not being injured.

On the very face of the admitted facts the verdict is grossly excessive, and the lower court should have set it aside and granted appellant a new trial.

Under the express provision of section 340 of Civil Code, subsection 4, a new trial may be granted for

"Excessive damages, appearing to have been given under the influence of passion or prejudice."

It requires no demonstration to show that a verdict for $1,750.00 for an injury to three acres of a farm of forty or fifty acres is excessive, when the whole farm is not worth exceeding $3,000.00, and when none of the improvements thereon are affected by the injury; at first blush it strikes the mind of a disinterested person, having in mind only the administration of justice, to have been superinduced by passion or prejudice upon the part of the jury. Welch v. Jenkins, 190 Ky. 475; Benge's Admr. v. Fouts, 163 Ky. 796; Elkhorn & Beaver Valley Railway Co. v. Martin, 195 Ky. 20.

We cannot escape the conclusion upon the admitted facts and the face of the record that the judgment is grossly excessive.

For that reason only the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.