## Chesapeake & Ohio Railway Company v. Weddington.

(Decided November 29, 1929.)

746

BROWNING & REED, KIRK, KIRK & WELLS and COMBS & COMBS for appellant.

A. J. MAY and EDWARD L. ALLEN for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, Grant Weddington, owns a tract of land of approximately 175 acres situated on both sides of Prater creek in Floyd county, Ky. The right of way of appellant adjoins appellee's land, and between the railroad right of way and Prater creek appellee owns a strip of land approximately 37 feet in width.

Appellee brought this suit for damages, and in his petition alleged that the railroad company "unlawfully, wrongfully and without right piled upon its right of way adjacent to the lands of this plaintiff and to Prater creek, an unusually large quantity of stone, dirt, and other materials, thereby creating slips and slides of dirt in large quantities, the heavy weight of which caused the lands of this plaintiff to slip away and slide into Prater creek, thereby unlawfully and wrongfully diverting the natural flow of the water of said creek, so that the same was caused to wash and injure this plaintiff's lands on the opposite side of said Prater creek from said right of way. That said slipping and washing of said lands is the direct and proximate result of said unlawful and wrongful acts of the defendant, in depositing said stone and dirt upon said right of way, and the same has greatly

damaged and destroyed this plaintiff's farm." Upon a trial of the case, a verdict was returned in favor of the plaintiff for the sum of $800, and, from the judgment entered thereon, defendant has appealed.

The grounds urged for reversal are (1) that the trial court erred in overruling defendant's motion for a peremptory instruction (a) because the petition failed to state a cause of action, and (b) because of variance between the pleading and proof; (2) the instructions are erroneous; and (3) the verdict is grossly excessive.

It is urged that the petition fails to state a cause of action, and is therefore insufficient to support a recovery, because it merely charges that the defendant so used its own land as to cause damage to the adjacent lands of the plaintiff, and, since there is no charge of negligence, it is a case of damnum absque injuria for which no right of action exists. In the first place, the use of the word "negligence," or some derivative thereof, in a pleading, is not essential if negligence is a necessary inference from the facts alleged. In other words, the failure to allege negligence in a pleading does not render it defective, provided the circumstances alleged are such as to justify the inference of negligence. Geneva v. Burnett, 65 Neb. 464, 91 N. W. 275, 58 L. R. A. 287, 101 Am. St. Rep. 628; Silveira v. Iverson, 125 Cal. 266, 57 P. 996; Metcalf v. Mellen, 57 Utah, 44, 192 P. 676; Hughes v. Hudson-Brace Motor Co., 111 Kan. 397, 207 P. 795; 45 C. J. 1074. Here the facts alleged necessarily excluded any hypothesis other than that of negligence. While the owner of the land may make any reasonable use of it he sees fit, and, if injury result to adjoining land by such use, it is damnum absque injuria, yet, if he uses his land in a negligent or unskillful manner, or the use is unusual, unreasonable, or unnatural, and causes damage to adjoining landowners, he will be held liable for such damage. He has no right to do any wrongful act or injury to the adjoining owner or inflict on him any injury which can reasonably be avoided. The petition in the instant case alleges that the railroad company piled unusually large quantities of stone and other materials upon its right of way adjacent to the lands of the plaintiff and thereby caused large quantities of dirt, rock, and other materials to slip into Prater creek, thereby unlawfully and wrongfully diverting the natural flow of the water, and that the damage to plaintiff's land was the direct and proximate result of the unlawful and wrongful acts

of the defendant in depositing such stone and dirt upon its right of way. In Costigan v. Pennsylvania Railroad Co., 54 N. J. Law 233, 23 A. 810, the railroad so constructed an embankment as to force earth upon adjoining land, and it was held that the railroad could not justify on the ground that the embankment was constructed with reasonable care and prudence, since the injury was not of the class of incidental injuries, unavoidable in the operation of a railroad, which are deemed damnum absque injuria, but was a direct invasion of private property. We are of the opinion that the petition stated a cause of action, and that the trial court did not err in overruling the motion for a peremptory instruction on the ground of the insufficiency of the petition.

We are also of the opinion that there was not sufficient variance between the pleadings and the proof to authorize the court to sustain the defendant's motion for a directed verdict. While there is some evidence that some of the stones and other material piled by defendant on its right of way rolled onto plaintiff's land and into the bed of Prater creek, the evidence introduced in plaintiff's behalf is substantially to the effect that the unusual amount of stone and material piled on defendant's right of way, by reason of its excessive weight, caused the adjoining land of plaintiff to slide into the creek and some of the stone and material on the right of way were carried into the creek by the slide. The proof substantially conforms to the allegations of the petition.

The instruction on the measure of damages authorized the jury to find as damages the difference between the fair and reasonable market value of plaintiff's farm immediately before and immediately after the obstruction was placed in Prater creek and its channel diverted. It is insisted that such an instruction was not authorized by the pleadings, since it laid down the measure of damages applicable to a permanent injury to the land, and the petition alleged that the injury complained of was "of a recurring and continuing nature," and expressly limited the recovery sought to damages sustained up to and including the time of the trial. The same contention was made under a similar state of facts in Elkhorn & Beaver Valley Railroad Co. v. Hagans, 208 Ky. 497, 271 S. W. 587, 588. In disposing adversely of defendant's contention in that case, the court said:

"It is true the plaintiffs only alleged temporary injuries, but defendants each expressly traversed

that allegation in their answers, whereby they evidently manifested their desire to have the controversy settled once for all, and therefore to have the court instruct the jury on the basis of a permanent injury. This the court did, and evidently did in response to this manifest desire of defendant, and therefore defendant is not now in position to raise the question after having had the instruction given in accordance with its own desires, as shown by its pleading. Under this state of the record appellant will not be heard to complain of the court's action.''

In the instant case both plaintiff and defendant without objection introduced proof as to the extent of the permanent injuries to plaintiff's land.

It is finally contended that the verdict is grossly excessive, and a careful reading of the record convinces us that this contention is sound. Plaintiff testified that three acres of his bottom land was more or less injured by the diversion of the channel of Prater creek, that one-half acre of land was washed away, and that at times other portions of his land could not be used or cultivated. He and a number of other witnesses introduced in his behalf fixed the value of the bottom land at $300 to $500 an acre for agricultural purposes. The witnesses merely estimated the amount of land washed away at one-half acre. The defendant introduced an engineer who had made a survey of a portion of plaintiff's land which included the strip between the railroad right of way and the old channel of Prater creek. The survey also included the ground covered by the new channel of the creek as well as that covered by the old channel. This survey shows that the old channel of the creek occupied .15 of an acre, the new channel .1 of an acre and the strip of ground between the railroad company's right of way and the old channel .14 of an acre or .39 of an acre in all. The correctness of this survey is not disputed. There is no testimony as to the value of the narrow strip between the railroad right of way and the old channel, and, due to its size and shape, it is not probable that it had any considerable value. Of course the old channel of the creek had no value for agricultural purposes. The testimony as to the damages to any land other than the land actually occupied by the new channel of the creek is indefinite, and there is nothing tangible as to the extent of such injury that would enable a jury to intelligently fix the amount of damages.

750

The plaintiff listed for taxation the entire 175 acres of land, including two dwelling houses and other build ings thereon, at $3,000. The land is partly hill land and partly bottom land. The hill land is of little value, but the record fails to disclose the respective amounts of hill land and bottom land. In describing the injury to his lands other than the lands actually washed away by the diversion of the channel of the creek, the plaintiff testified as follows: "When it dams up it runs on down, I don't know how far. I had to plant my corn three times in below it this spring. Washed all my corn up away down the creek and had to plant it three times when there would come a raise. That trash and rock backed the water up and it run over." The evidence afforded the jury no yardstick with which to measure the damages to the land not actually destroyed.

Being of the opinion that the verdict is grossly excessive, judgment is reversed, and cause remanded for a new trial.