## Warfield Natural Gas Company v. Shepherd et al.

(Decided February 28, 1930.)

KIRK, KIRK & WELLS for appellant.

B. M. JAMES and JOE HOBSON for appellees.

OPINION OF THE COURT BY JUDGE GRIGSBY—Reversing.

This is a condemnation proceeding started in the county court by the appellant, and by which it sought to acquire an easement through the appellees' farm in Floyd county for the purpose "of laying, maintaining and operating a pipe line or lines for conveying, transporting and delivering natural gas to the market and maintaining and operating such pipe line or lines, telephone and telegraph lines for use and connection therewith, together with the right of ingress and egress, to examine, alter, repair, operate, maintain or remove such pipe line or lines." The right of way for this easement thus sought runs through the bottom lands of appellee's farm for a distance of 40 rods and is 20 feet wide. The area comprised within this strip is three-tenths of an acre. The first set of commissioners appointed by the county court fixed the compensation to be paid for this easement at the sum of $300. The report of these commissioners was quashed because it developed that one of the commissioners was ineligible to serve as such. The second set of commissioners fixed the compensation at $330, $300 being for the value of the land taken and $30 for incidental damages. Both appellant and appellee filed exceptions to this report; the appellant on the ground that the compensation allowed was excessive, and the appellee on the ground that it was not enough. The jury in the county court found a verdict exactly in accordance with the report of the second set of commissioners. On appeal to the circuit court the jury awarded the appellee compensation in the sum of $450, and from the judgment entered on that verdict this appeal is prosecuted. The motion being made in this court to grant the appeal.

Two grounds are relied on for reversal. It is first contended that the trial court erred in not awarding the appellant, the condemnor, the closing argument. While the position of the appellant in this regard is sound, since, as we pointed out in the case of Warfield Natural Gas Co. v. Hammons, 233 Ky. 48, 24 S. W. (2d) ——,

and also in Warfield Natural Gas Co. v. Wills et al., 233 Ky. 247, 24 S. W. (2d) ——, it is settled where exceptions are filed by both parties to the report of commissioners, the burden of proof is then on the condemnor, yet appellant cannot rely upon this error as a ground for reversal because it did not make such error a ground in its motion for a new trial in the court below.

The other ground relied upon for reversal is that the verdict is excessive, and in view of the facts as disclosed in this record we are constrained to so hold. There is no evidence that any portion of appellees' farm was taken or damaged by the construction of the pipe line except a strip 20 feet wide and 40 rods long through which the easement runs. As to this strip a 20-inch pipe was buried in the ground at a depth of about 2 feet or more and a telephone line strung on poles over this easement. This strip runs through the bottom lands of appellees' farm, the most fertile and best part of their land, and is used for agricultural purposes. The court knows as a matter of common sense, as we stated in the Hammons case, supra, and the Wills case, supra, that the price of over $1,000 per acre which appellees place on this bottom land is fantastic, and that agricultural land, remotely situated as this is, is not worth any such price. If this strip was absolutely taken in fee by the appellant, the appellees would lose three-tenths of an acre from their farm, and in light of the testimony in this case taken as a whole, $500 an acre is the outside price which this land would bring, so that the sum of $150 would be ample compensation for the absolute taking of this strip; however, the strip is not absolutely taken, for, subject to the right of appellant as above set out, the appellees may make use of the land as they desire. The rights of appellant do not prevent appellees' passage from one part of the land to the other. They may even farm this strip, it is true, subject to appellant's right of patrol, repair, and the remote possibility of running another pipe line through it. It is true that appellee testified that appellant had destroyed approximately 75 bushels of corn; the damage in this regard, however, would not exceed $75.

It therefore is apparent that the verdict is grossly excessive, and we so held in the similar cases of Warfield Natural Gas Co. v. Hammons and Warfield Natural Gas Co. v. Wills, supra.

It is therefore ordered that the appeal be granted and the judgment of the lower court is therefore reversed, with direction to grant the appellant a new trial in conformity with this opinion.