## Warfield Natural Gas Company v. Alley et al.

## Same v. Banks et al.

(Decided March 4, 1930.)

KIRK, KIRK & WELLS for appellant.

B. M. JAMES and JOE HOBSON for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Reversing.

In constructing its pipe line through Floyd county, the appellant condemned rights of way through the lands of the appellees. Although separate cases, they were tried together below, and will be decided here in that way.

The land of both parties is creek bottom, and appears to be fertile and capable of being cultivated. The easement over the land of appellee Alley extended 450 feet, and, being 20 feet wide, equaled .21 of an acre. A judgment for $300 was recovered by him. The line extended over the land of appellee Banks 986 feet, and was equal to .45 of an acre. He was allowed $500. The character of easement has been described in several other cases coming to this court, and the evidence is quite similar, in that witnesses for the landowners merely expressed opinions as to the damage done to the property and the value of the land taken. Those opinions, where there was any reason at all given, were predicated upon the idea that the land was being taken in fee simple and destroyed for all purposes in so far as the owner is concerned. Extravagant values were placed upon the land taken, and the consequential damages were equally exaggerated. It appears in evidence, without objection, that 98 per cent. of landholders accept $1 a rod for this kind of easement, with the agreement, however, that payment shall be made for any future damage. But it is also shown that, according to the law of averages, the possibility of disturbing this strip of land for the repair of the pipe line is very remote.

For the reasons suggested here and those stated in Warfield Natural Gas Co. v. Laferty, 232 Ky. 248, 22 S. W. (2d) 611, and other cases subsequently reported, the judgments in these two cases are reversed because excessive.