## Kentucky, West Virginia Gas Co. v. Bolen et al.

(Decided Oct. 21, 1932.)

COMBS & COMBS for appellant.

D. G. BOLEYN for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

Appellees owned a tract of land containing 694 acres in Knott county. Appellant brought this action against them in Knott county court to condemn a right of way 16 feet wide for a gas pipe line, 3,929 feet or

238 rods long. The commissioners appointed by the county court fixed the damages at $238, or $1 a rod. On the trial before a jury in the county court there was a verdict and judgment fixing the damages at $500. The gas company appealed to the circuit court, and in that court there was a verdict and judgment fixing the damages at $625. The gas company appeals.

No error of the court is relied on in the admission or rejection of evidence or in the instructions to the jury. The only ground for a reversal presented is that the verdict is grossly excessive and should be set aside. No brief for the appellee has been filed. The strip 16 feet wide across the tract contains a little less than an acre and a half. The weight of the evidence shows that the tract of land is worth about $10 an acre. The usual price paid for such rights of way in the neighborhood was a dollar a rod. The land was only taken for a pipe line with the right of the company not only to put down the pipe but to go over the right of way when necessary to look for leaks and repair them. The pipe, according to the proof for the company, was put down about 15 inches deep in the ground and covered up, except where it went over a large bed of rock, and there it was run on top of the rocks and rocks placed on top of the pipe. The proof showed that six panels of fence were destroyed, and that this had been rebuilt by the owners. The proof for the defendant showed that a part of the pipe was not put down over 4 inches deep, but just how much does not appear, and that the pipe so put down would interfere with the plowing of the land. It also showed that the pipe, in crossing the creek, had turned the water of the creek across the bottom and washed away something over half an acre of the bottom land. In the recent case of Warfield Natural Gas Co. v. Hammons, 233 Ky. 48, 24 S. W. (2d) 933, 934, the court setting aside a verdict, not as large as this, as excessive, said:

"However, this strip is not absolutely taken for, subject to the rights of the appellant above set out, the appellee may make such use of the land as he desires. The rights of the appellant do not prevent appellee's passage from one part of his land to another. He may even farm this strip, subject, it is true, to appellant's right of patrol, repair, and the remote possibility of laying another pipe line through it."

A like holding was made in the following cases: Warfield Natural Gas Co. v. Laferty, 232 Ky. 248, 22 S. W. (2d) 611; Warfield Natural Gas Co. v. Wills, 233 Ky. 246, 25 S. W. (2d) 395; Warfield Natural Gas Co. v. Shepherd, 233 Ky. 254, 25 S. W. (2d) 397; Warfield Natural Gas Co. v. Hammons, 233 Ky. 257, 25 S. W. (2d) 397; Warfield Natural Gas Co. v. Alley, 233 Ky. 323, 25 S. W. (2d) 724; Warfield Natural Gas Co. v. Wright, 233 Ky. 378, 25 S. W. (2d) 1036.

This case cannot be distinguished from those cited. There was no definite evidence as to how much of the pipe was not buried deep enough to be out of the way of a plow, or what the damage would be from this cause. There was evidence that the washing of the land was caused by an unusual flood and not by reason of the pipe line, and there was no evidence that the strip washed away was of special value. The land taken would only amount to about $15 at $10 an acre. The cost of restoring the fence was about $5, and the court concludes that under the evidence the verdict is palpably excessive.

Judgment reversed, and cause remanded for a new trial.