**RADFORD v. ELLIS et al.**

No. 1167.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1933.

Rehearing Denied Nov. 24, 1933.

W. E. Lessing, of Abilene, for appellant.

Davidson, Doss & McMahon, and Wagstaff, Harwell, Wagstaff & Douthit, all of Abilene, for appellees.

LESLIE, Justice.

The plaintiff, Mrs. Robert W. Ellis, brought this suit against J. M. Radford and his tenants, Sam R. Cox, Jr., J. E. and Dennis Manley for damages. The acts of negligence were alleged to be that the defendant Radford leased the building to the other defendants for the express purpose of storing therein a maximum of 15,000 bushels of wheat; that the building was old and known by said Radford to be unsuited for the purpose intended; and that when approximately 8,000 bushels of wheat were stored therein, the building collapsed, falling against the wall of the plaintiff's building, causing it to collapse, thereby resulting in the injury and damage sued for. The Ellis and the Radford buildings were in close proximity with air way three feet wide between them.

The defendant Radford answered by general demurrer and several special exceptions, a dilatory plea and general denial etc. The defendants Cox and Manleys entered a general denial to plaintiff's allegations and reconvened against Radford, alleged a contract or warrant on his part that the building was suitable for the pur-

pose for which they were leasing it, and they prayed that in the event any judgment was rendered against them in favor of the plaintiff, that they have judgment for like amount against Radford.

Trial was before the court and jury. The case was submitted on special issues upon which a judgment was rendered by the court in favor of the plaintiff, Mrs. Robert Ellis, against the defendant J. M. Radford for $475, costs, etc., and in favor of the defendants Sam R. Cox, Jr., J. E. Manley, and Dennis Manley as to the plaintiff's alleged cause of action against them, and further that Cox and the Manleys take nothing on their plea and reconvention against J. M. Radford.

The defendant J. M. Radford alone has perfected his appeal from such judgment. The plaintiff, Mrs. Ellis, does not appeal from any part of the judgment and is in this court asking that the same be affirmed. Cox and Manleys are not complaining of the judgment upon the issue raised by their plea. In this situation, the judgment, in so far as it affects Cox and Manleys, will remain undisturbed.

■ The complaint is made that the court erred in overruling the special exceptions and general demurrer urged by Radford. The court submitted negligence as alleged in paragraphs A and D of plaintiff's first amended original petition or either of them. He did not submit negligence alleged in paragraphs B and C thereof and errors, if any, in overruling special exceptions to paragraphs B and C become harmless. Since Cox and the Manleys, tenants, recovered nothing against defendant Radford on their cross-action and they are not complaining, like errors, if any, in the court's overruling Radford's special exceptions to their pleadings also become harmless.

The special exception addressed to plaintiff's allegation of negligence in paragraph A of her amended original petition is to the effect: "It is nowhere alleged in said petition nor are there any facts alleged from which it might be ascertained that the damage to the plaintiff's building was a necessary result of the purpose for which such building, belonging to this defendant, and alleged to have been leased to the defendants Manley and Cox, but on the contrary said petition shows that the damage to plaintiff's building, if any, was caused by the negligent manner in which the lawful use of the premises of this defendant was performed by said Manley and Cox."

In like manner, the allegations of negligence in paragraph D are asserted to be insufficient since "the same does not show any negligence on the part of this defendant nor cause of action against this defendant. Because said petition nowhere alleges any facts that show that the purpose for which the defendant leased the building and premises would constitute a nuisance per se nor necessarily cause the alleged damage to plaintiff."

■ The allegations of the plaintiff's first amended original petition have been carefully examined and we do not believe them to be insufficient when tested by the special exceptions or the general demurrer, and these propositions are overruled. Some of these special exceptions were, in fact, nothing less than general demurrer, but we do not believe any of them have any merit.

■ As we interpret the pleadings, a simple negligence case only was presented. The pleadings from the standpoint of the plaintiff merely charged, in substance, that her damages occurred as a result of the use of the leased building for the express purpose for which it was let. The rule of liability in such a case and as reflected by the pleadings is stated in 27 Tex. Jur., p. 344, as follows: "An owner of adjacent property who has sustained injury by reason of the use to which the demised premises have been put may have a cause of action against the lessor. The maxim, so use your own property as not to injure the rights of another, would seem to require that a landlord should at least use reasonable care and diligence in reference to the use to which his property is applied, and that even for negligence in this respect he might become responsible civilly for an injury which could not result if he exercised due care and due regard for the right of his neighbor.' "

The text cites as approving the application of the rule where negligent or unwarranted use is made of one's premises, Marsan v. French, 61 Tex. 173, 48 Am. Rep. 272, to which may be added Kennedy v. Garrard (Tex. Civ. App.) 156 S. W. 570; Teel v. Rio Bravo Oil Co., 47 Tex. Civ. App. 153, 104 S. W. 420; Rosen v. Kroger Grocery & Baking Co. (Mo. App.) 5 S.W.(2d) 649; Chesapeake & O. Ry. Co. v. Weddington, 231 Ky. 745, 22 S.W.(2d) 131; Bishop v. Readsboro Chair Mfg. Co., 85 Vt. 141, 81 A. 454, 36 L. R. A. (N. S.) 1171, Ann. Cas. 1914B, 1163.

■ While the owner of real estate has the undoubted right to make any legal use thereof he deems proper, such general rule is subject to the qualification that if while doing a lawful act on his premises which involves danger to the adjoining property, he does it unskillfully or negligently so as to damage the same, he will be liable for the resulting injury. Or, as stated in 1 C. J. p. 1203, § 2: "If a landowner himself or another, by his procurement or permission, in doing a lawful act on his own land which involves danger to the adjoining property, does it so unskillfully or negligently so as to occasion damage thereto, he will be answerable to the owner of such property, or

to the occupant thereof, for all damages occasioned by such unskillful or negligent use of his property. * * * "

In Wood on Landlord and Tenant, § 2, vol. 536, the rule of liability in this class of cases is stated thus: "In order to charge the landlord, the nuisance must necessarily result from the ordinary use of the premises by the tenant or for the purpose for which they were leased."

It is believed that the pleadings under consideration are amply sufficient and proceed upon a correct theory of law as applied by the trial court. The first proposition is overruled.

By his second proposition, the appellant challenges the sufficiency of the evidence to support the verdict of the jury on the issue of negligence and by the third proposition, he asserts that the evidence is insufficient to support the finding that such negligence was the proximate cause of the damage to plaintiff's building. The statement of facts is rather long and we shall not undertake to set out at length the substance thereof. The east wall of the building which collapsed and fell upon plaintiff's nearby wall and injured the same was constructed of hollow concrete blocks joined together by mortar. Evidently the walls were not constructed to withstand heavy lateral pressure. They were designed to support the dead weight of the roof and such portions of the building. Radford and his agent were found to be fully aware that the lessees designed to store between 10,000 and 15,000 bushels of loose wheat in the building. There was testimony that Radford, himself, admitted having had experience in the handling of such wheat. While Cox and Manleys were negotiating with Mr. Handy, Radford's agent and to whom he sent them for the lease of the building, Mr. Handy, according to testimony in the record, asked how much 10,000 bushels of wheat would be, and, after figuring it on the east wall of the building, stated that it would be 600,000 pounds to which Cox replied: "Yes, and 15,000 bushels would be 900,000 pounds." To this observation, the testimony is that Handy replied: "It is all right, it will hold it." From the testimony, the negotiations with both Radford and his agent went into details concerning the storing of loose wheat. After Cox and Manleys acquired the building, they proceeded to store wheat therein, and, when as much as 483,525 pounds, or 8,058 bushels were stored therein, the east wall of the building collapsed. From the testimony, it appears that the very strongest building is required to hold wheat thus stored. The higher it is stored, the heavier it is on the floor as well as against the wall. The concrete blocks in the wall were nine or ten inches thick and six or seven inches deep. An engineer who testified to the pressure of wheat against a wall under such circumstances stated:

"If the average height of the wheat was nine and a half feet to the extreme between the walls, where the floor joined the wall the pressure would be 188 pounds per square foot. At a point a foot up, it would be 168 pounds per square foot. At a point two feet up, it would be 148 pounds per square foot. At a point three feet up, it would be 129 pounds per square foot and so on to ten pounds per square foot at nine feet up. The average height of the wheat in this building was nine and a half feet. The building was approximately fifteen years old."

This witness further testified: "That the wall was built and designed to carry the roof and shut out the weather. It was not designed for any lateral thrust at all."

The record as a whole contains much cogent testimony of above nature bearing upon the issues presented by the plaintiff's pleadings, and presented to the jury in the special issues. The least that could be said of the testimony is that it was conflicting on the issue of negligence and proximate cause, and if that be taken as the true estimate of the testimony, it would become our duty to uphold the verdict on negligence and proximate cause since it is based upon ample support in the testimony. Propositions 2 and 3 are overruled.

The fourth proposition complains of the admission of testimony in behalf of the plaintiff to the effect that Cox and Manleys told the appellant, Radford, that wheat would be stored loose and unconfined whereas the pleadings merely alleged that Radford's negligence was in leasing the building for the general purpose of storing wheat.

We have considered this question and expressed above an opinion approving the sufficiency of the pleadings in this respect. It was ample to warrant the introduction of the testimony complained of. We overrule the proposition. It is hypercritical in its nature.

We overrule the fifth proposition which complains that the court erred in overruling appellant's plea in abatement to Cox and Manleys' plea in reconvention. If such were error on the part of the court, it became unimportant and harmless in view of the fact that Cox and Manleys recovered no judgment against the appellant, Radford, and, further, we are of the opinion that the cross-action, if otherwise meritorious, was not prematurely brought, hence no error is shown.

The sixth proposition is to the effect that the court erred in submitting to the jury a charge which confused the issues made by

the plaintiff's allegations of negligence against J. M. Radford, and the issues made by the cross-action of Manley and Cox against him. We do not think this proposition should be sustained. The objection to the charge in this respect is general and does not specifically point out wherein such confusion arises on the charge, and from an examination of the issues, we think they clearly indicate the respective pleadings upon which they are based.

There was no error in submitting special issue No. 5 to the jury. It was in accordance with the pleadings and the testimony, and proposition No. 7 is overruled.

Since there is evidence to support the verdict of the jury in response to special issue No. 2 wherein the jury found that Cox and Manleys relied upon the guarantee of Radford that the building was sufficiently strong to hold 10,000 or 15,000 bushels of loose wheat, proposition No. 8 to the contrary is overruled. Manleys and Cox having obtained no judgment against Radford, this contention becomes immaterial.

For the reasons assigned, the judgment of the trial court in favor of the plaintiff is affirmed.